# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SIONYX, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>APPLE INC.,<br><br>    *Defendant*. | C.A. No. 1:24-cv-12354-JEK<br><br>**JURY TRIAL DEMANDED** |

**APPLE INC.'S MEMORANDUM IN SUPPORT OF ITS
PARTIAL MOTION TO DISMISS**

## **TABLE OF CONTENTS**

|      |                                                                              | Page |
|------|------------------------------------------------------------------------------|------|
| I.   | INTRODUCTION ................................................................ | 1    |
| II.  | BACKGROUND .................................................................. | 2    |
| III. | LEGAL STANDARD............................................................. | 3    |
| IV.  | ARGUMENT ....................................................................... | 4    |
|      | A. The Complaint Fails to Plausibly Plead Willful Infringement. ............ | 4    |
|      | B. The Complaint Fails to Plausibly Plead Induced Infringement. ........... | 7    |
|      | C. The Complaint Fails to Plausibly Plead Contributory Infringement. ..... | 11   |
| V.   | CONCLUSION..................................................................... | 14   |

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
   620 F. App'x. 934 (Fed. Cir. 2015) ................................................................................13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..........................................................................................................3

*Azurous, Inc. v. Kennedy Int'l, Inc.*,
   No. CV 23-04770, 2024 WL 3219663 (D.N.J. June 28, 2024) ........................................5

*BASF Plant Sci., LP v. Commonwealth Sci. and Indus. Rsch. Org.*,
   28 F.4th 1247 (Fed. Cir. 2022) .........................................................................................4

*Bayer Healthcare LLC v. Baxalta Inc.*,
   989 F.3d 964 (Fed. Cir. 2021) ..........................................................................................4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..........................................................................................................3

*Canon, Inc. v. Avigilon USA Corp. Inc.*,
   411 F. Supp. 3d 162 (D. Mass. 2019) ..................................................................4, 5, 7, 9

*Cleveland Med. Devices Inc. v. Resmed Inc.*,
   No. 22-794-GBW, 2023 WL 6389628 (D. Del. Oct. 2, 2023) ....................................6, 10

*Commil USA, LLC v. Cisco Sys.*,
   575 U.S. 632 (2015) ........................................................................................................12

*Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*,
   638 F.Supp.3d 1088 (N.D. Cal. 2022) ..............................................................................6

*Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*,
   946 F.3d 1367 (Fed. Cir. 2020) ........................................................................................4

*Endobotics, LLC v. Hologic, Inc.*,
   No. 1:24-cv-10746, ECF 31 (D. Mass. Aug. 13, 2024) .....................................1, 3, 5, 8

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011) ................................................................................................4, 9, 12

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   579 U.S. 93 (2016) ............................................................................................................5

*iFIT Inc. v. Peloton Interactive, Inc.*,
   No. 21-507-RGA, 2022 WL 609605 (D. Del. Jan. 28, 2022)..............................................4, 6

*Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*,
   No. 6:20-cv-00318, 2021 WL 4555802 (W.D. Tex. Oct. 4, 2021)...........................................8

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
   869 F.3d 1371 (Fed. Cir. 2017)................................................................................................7

*Lippert Components Mfg., Inc. v. MOR/ryde, Inc.*,
   No. 3:16-cv-263, 2018 WL 345767 (N.D. Ind. Jan. 10, 2018)................................................8

*Massachusetts Inst. of Tech. v. Shire PLC*,
   No. 1:13-CV-10020, 2014 WL 404696 (D. Mass. Feb. 2, 2014) .........................................11

*Ocean Semiconductor LLC v. Analog Devices, Inc.*,
   No. 20-CV-12310, 2023 WL 6619360 (D. Mass. Oct. 11, 2023) ................................7, 10, 12

*Radware, Ltd. v. A10 Networks, Inc.*,
   No. C-13-02021, 2013 WL 5373305 (N.D. Cal. Sept. 24, 2013).............................................8

*Select Retrieval LLC v. Bulbs.com Inc.*,
   No. 12-10389-TSH, 2012 WL 6045942 (D. Mass. Dec. 4, 2012).......................................9, 13

*Splunk Inc. v. Cribl, Inc.*,
   662 F. Supp. 3d 1029 (N.D. Cal. 2023) ............................................................................4, 5, 6

*State Indus., Inc. v. A.O. Smith Corp.*,
   751 F.2d 1226 (Fed. Cir. 1985)................................................................................................4

*Sunrise Techs., Inc. v. CIMCON Lighting, Inc.*,
   219 F. Supp. 3d 260 (D. Mass. 2016) ....................................................................................14

*Trs. of Boston Univ. v. Everlight Elecs. Co.*,
   No. 12-cv-11935, 2014 U.S. Dist. LEXIS 203815 (D. Mass. May 8, 2014).....................11, 14

*Varian Med. Sys., Inc. v. Elekta AB*,
   No. 15-871-LPS, 2016 WL 3748772 (D. Del. July 12, 2016)................................................10

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
   528 F. Supp. 3d 247 (D. Del. 2021).....................................................................................5, 12

*Zond, Inc. v. Fujitsu Semiconductor Ltd.*,
   990 F.Supp.2d 50 (D. Mass. 2014) .........................................................................................9

*Zond, Inc. v. SK Hynix Inc.*,
   Nos. 13-11591-RGS, 13-11570-RGS, 2014 WL 346008 (D. Mass. Jan. 31,
   2014) .......................................................................................................................................6

**Statutes**

35 U.S.C. § 271(b) ...............................................................................................................7, 10, 12

35 U.S.C. § 271(c) ...............................................................................................................3, 12, 13

35 U.S.C. § 287(a) ...........................................................................................................................8

**Other Authorities**

Federal Rule of Civil Procedure 11(b)(3) .......................................................................................9

Federal Rule of Civil Procedure 12(b)(6) .......................................................................................3

I.      INTRODUCTION

In this patent infringement lawsuit SiOnyx alleges that Apple directly, indirectly, and willfully infringes three asserted patents. Apple moves to dismiss all of SiOnyx's pre- and post-suit willful and indirect (induced and contributory) infringement claims on several grounds.

First, SiOnyx does not allege that Apple had pre-suit knowledge of the asserted patents. The majority practice in this District—including in a case decided just three months ago—is to find that "a plaintiff fails to state a claim for indirect or willful infringement where the defendant's knowledge of the asserted patent is solely based on the filing of the complaint." *See, e.g., Endobotics, LLC v. Hologic, Inc.*, No. 1:24-cv-10746, ECF 31, at *12 (D. Mass. Aug. 13, 2024) (attached as Exhibit A). The Court should follow the majority practice and dismiss SiOnyx's claims for pre- and post-suit willful and indirect infringement because of its failure to plead that Apple had pre-suit knowledge of any asserted patents.

Second, regarding willful infringement, SiOnyx fails to plead that Apple knew or should have known that its activities infringed the asserted patents or that Apple had a specific intent to infringe, and SiOnyx does not plausibly allege that the mere filing of the Complaint is enough to support a claim of post-suit willful infringement. *See id.*, at *12 (dismissing willful infringement claim "where the defendant's knowledge of the asserted patent is solely based on the filing of the complaint").

Third, SiOnyx's pre- and post-suit indirect infringement claims are deficient because SiOnyx's Complaint merely recites the legal elements of induced and contributory infringement without including plausible allegations that those elements are met by any Apple conduct. *See Massachusetts Inst. of Tech. v. Shire PLC,* No. 1:13-CV-10020, 2014 WL 404696, at *8 (D. Mass. Feb. 2, 2014) ("[A]n induced infringement claim will not pass muster under 12(b)(6) when

1

the plaintiff does not allege any facts to support a reasonable inference that the defendant specifically intended to induce infringement or that it knew it had induced acts that constitute infringement.") (internal quotation and formatting omitted); *Addiction & Detoxification Inst. L.L.C. v. Carpenter,* 620 F. App'x. 934, 938 (Fed. Cir. 2015) (affirming dismissal of contributory infringement claims because the complaint did not plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

For each of these reasons, Apple respectfully requests that the Court grant its motion to dismiss.

## II.    BACKGROUND

SiOnyx filed its Complaint on September 12, 2024, asserting U.S. Patent Nos. 9,064,764, 10,224,359, and 11,721,714 (collectively, the "asserted patents") against Apple. ECF No. 1. The asserted patents relate to specific structures created during the manufacture of complementary metal-oxide-semiconductor ("CMOS") image sensors. *Id*. at ¶ 8. The Complaint expressly identifies only a single image sensor made by Sony as the basis for the infringement allegations. *Id*. at ¶¶ 14, 21, 28. The asserted patents belong to the same patent family; all three patents claim priority to U.S. Provisional Patent App. No. 61/614,275.

The Complaint alleges willful infringement and indirect infringement (both induced and contributory infringement) against Apple. SiOnyx alleges that Apple had constructive notice of the asserted patents by virtue of SiOnyx's marking of certain of its products with an internet address that lists the asserted patents, and that Apple had actual notice of the asserted patents since at least the date of filing of the Complaint. *Id*. at ¶¶ 11, 15, 22, 29. SiOnyx's Complaint does not allege that Apple had actual pre-suit knowledge of the asserted patents. *Id.*

SiOnyx's allegations concerning willful and indirect infringement are boilerplate and conclusory. Regarding willful infringement, SiOnyx alleges that "[o]n information and belief,

Apple's infringement of the [asserted patents] is and has been willful." *Id*. at ¶¶ 18, 25, 32. Regarding induced infringement, SiOnyx alleges that Apple has "actively induced product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the [asserted patents] by, among other things, disseminating, manufacturing, distributing, importing and maintaining the Accused Products." *Id.* at ¶¶ 15, 22, 29. And as for contributory infringement, SiOnyx contends, using the identical language for each of the three asserted patents, that Apple violates 35 U.S.C. § 271(c) "by selling or offering to sell in the United States, or importing into the United States, the Accused Products with knowledge of the [asserted patents]," and further alleges that the Accused Products "are not a staple article of commerce suitable for substantial non-infringing use." *Id.* at ¶¶ 16, 23, 30.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes courts to dismiss a complaint for "failure to state a claim upon which relief can be granted." To adequately state a claim, a complaint must contain sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Facial plausibility is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citation omitted). A plaintiff's obligation to provide the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Endobotics*, Civ. No. 1:24-cv-10746, ECF 31, at *6 (citing *Twombly*, 550 U.S. at 555 (quotations omitted)).

"Claims of indirect infringement (i.e., induced or contributory infringement) require proof that the defendant had knowledge of the asserted patent." *Endobotics*, Civ. No. 1:24-cv-

3

10746, ECF 31, at *11 (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011)). "Claims of willful infringement also require proof of knowledge." *Id.* (citing *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe a patent, the patent must exist and one must have knowledge of it.")).

IV.     ARGUMENT

    A.     **The Complaint Fails to Plausibly Plead Willful Infringement.**

SiOnyx's Complaint fails to plead facts sufficient to support its pre- and post-suit willful infringement claims because SiOnyx does not allege that Apple had pre-suit knowledge of the asserted patents or a specific intent to infringe the asserted patents. To sufficiently plead willful infringement, a plaintiff must plausibly allege (1) knowledge of the asserted patent, and (2) knowledge of infringement. *See, e.g., Canon, Inc. v. Avigilon USA Corp. Inc.,* 411 F. Supp. 3d 162, 164 (D. Mass. 2019); *Splunk Inc. v. Cribl, Inc.,* 662 F. Supp. 3d 1029, 1036 (N.D. Cal. 2023); *iFIT Inc. v. Peloton Interactive, Inc.,* No. 21-507-RGA, 2022 WL 609605, at *1–2 (D. Del. Jan. 28, 2022) (citing *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.,* 946 F.3d 1367, 1378–79 (Fed. Cir. 2020)). While both indirect and willful infringement require knowledge of the patent, "[t]o establish willfulness, a patentee must show that the accused infringer had a specific intent to infringe at the time of the challenged conduct." *BASF Plant Sci., LP v. Commonwealth Sci. and Indus. Rsch. Org.*, 28 F.4th 1247, 1274 (Fed. Cir. 2022); *see also Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021) ("knowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness"). SiOnyx's Complaint does not meet these pleading requirements.

The Court should dismiss SiOnyx's pre- and post-suit willful infringement claims because SiOnyx does not plead that Apple had actual pre-suit knowledge of the asserted patents. Instead, SiOnyx pleads that it marked products with the asserted patents. However, mere

allegations of patent marking cannot support willful infringement claims. *See, e.g., Azurous, Inc. v. Kennedy Int'l, Inc.*, No. CV 23-04770, 2024 WL 3219663, at *7 (D.N.J. June 28, 2024) ("[C]ourts in this Circuit have generally only allowed willfulness claims to succeed as to post-Complaint infringing activity when these claims were accompanied by allegations other than mere marking of the patent number."); *see also ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 252 (D. Del. 2021) ("[T]he operative complaint in a lawsuit fails to state a claim for willfulness-based enhanced damages under § 284 where the defendant's alleged knowledge of the asserted patents is based solely on the content of that complaint or a prior version of the complaint filed in the same lawsuit."); *Splunk*, 662 F. Supp. 3d at 1036 (N.D. Cal. 2023) (granting motion to dismiss willful and indirect infringement claims for lack of pre-suit knowledge of the asserted patents, holding that allegations that "Cribl's founders and employees were aware of Splunk's patent-marking page when it copied and used this software" were insufficient to plausibly plead pre-suit knowledge of the asserted patents).

Allowing plaintiffs like SiOnyx to rely on a complaint as the sole basis for sustaining post-suit willful infringement claims would allow plaintiffs to plead post-suit willful infringement in every patent infringement case, without plausibly pleading an alleged infringer's actions have been "willful, wanton, malicious, or bad faith." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103 (2016). Courts, including in this District, have resoundingly rejected this approach, dismissing willful infringement claims where a complaint alleged that a defendant learned of the asserted patents solely through the filing of the complaint. *See, e.g., Endobotics,* Civ. No. 1:24-cv-10746, ECF 31, at *12 (dismissing willful infringement claim "where the defendant's knowledge of the asserted patent is solely based on the filing of the complaint"); *Canon,* 411 F. Supp. 3d at 165 (dismissing both pre-suit and post-suit claims for willful

5

infringement because the plaintiff did not plead pre-suit knowledge of the patents-in-suit); *Zond, Inc. v. SK Hynix Inc.,* Civ. Nos. 13-11591-RGS, 13-11570-RGS, 2014 WL 346008, at *3 (D. Mass. Jan. 31, 2014) (dismissing both pre-suit and post-suit willfulness claims because of the absence of "pre-filing knowledge" of the patents at issue); *Splunk,* 662 F. Supp. 3d at 1040 (dismissing willful infringement claims because plaintiff failed to sufficiently "plead pre-suit knowledge, as required for willful … infringement"); *iFIT,* 2022 WL 609605, at *1–2 (dismissing claims of willful infringement for failure to allege pre-suit knowledge).

Further, SiOnyx does not plead a single fact supporting a conclusion that Apple "had a specific intent to infringe at the time of the challenged conduct." *BASF Plant Sci., LP*, 28 F.4th at 1274 (Fed. Cir. 2022). On the contrary, the Complaint merely makes the conclusory allegation that, "[o]n information and belief, Apple's infringement of the [asserted patents] is and has been willful." ECF No. 1, at ¶¶ 18, 25, 32. Because SiOnyx does not plead that Apple had a specific intent to infringe the asserted patents, it has failed to state a claim for pre- and post-suit willful infringement. Indeed, even in cases where an alleged infringer had pre-suit knowledge of the patent—a fact not present here—courts have dismissed willful infringement claims where the patentee could not show that the infringer had a specific intent to infringe. *See, e.g., Dali Wireless, Inc. v. Corning Optical Commc'ns LLC,* 638 F.Supp.3d 1088, 1098–99 (N.D. Cal. 2022) (dismissing willful infringement claims because "Dali only alleges that Corning knew of the *patents,* not that Corning knew of *infringement* of the patents") (emphases in original); *iFit,* 2022 WL 609605, at *2 ("Even if iFIT had sufficiently alleged knowledge of the '407 patent, mere knowledge of the patent cannot support an allegation of willful infringement. . . . iFIT must plead both knowledge of the patent and of the infringement."); *Cleveland Med. Devices Inc. v. Resmed Inc.,* No. 22-794-GBW, 2023 WL 6389628, at *7 (D. Del. Oct. 2, 2023) (dismissing

claims of pre-suit and post-suit willful infringement where the complaint did "not assert any nonconclusory facts supporting" knowledge of infringement despite undisputed knowledge of the asserted patents).

Thus, the Court should dismiss SiOnyx's pre- and post-suit willful infringement claims because the Complaint does not plead that Apple had pre-suit knowledge of the asserted patents, much less knowledge of infringement or a specific intent to infringe the asserted patents.

B.  **The Complaint Fails to Plausibly Plead Induced Infringement.**

SiOnyx's Complaint fails to plead facts sufficient to support its pre- and post-suit induced infringement claims because SiOnyx does not allege that Apple had pre-suit knowledge of the asserted patents and because SiOnyx does not plead any specific facts to support its conclusory assertions regarding each of the elements of induced infringement. "To state a viable claim for induced infringement, plaintiff must allege that defendant (1) knew of the patent, (2) knowingly induced infringing acts, and (3) acted with specific intent" to induce infringement. *Canon,* 411 F. Supp. 3d at 164 (citation omitted); *see also Ocean Semiconductor LLC v. Analog Devices, Inc.,* No. 20-CV-12310, 2023 WL 6619360, at *3 (D. Mass. Oct. 11, 2023) (To plausibly allege induced infringement under 35 U.S.C. § 271(b) "a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'") (quoting *Lifetime Indus., Inc. v. Trim-Lok, Inc.,* 869 F.3d 1371, 1339 (Fed. Cir. 2017)). SiOnyx's induced infringement claims fail with respect to each element.

The Complaint's only allegations regarding Apple's purported knowledge of the asserted patents are that Apple purportedly received constructive notice through SiOnyx's virtual patent marking and that Apple received actual notice through the Complaint itself. ECF 1 at ¶¶ 15, 22, 29. However, allegations of constructive notice through patent marking are insufficient to meet

7

the knowledge requirement for induced infringement. *Lippert Components Mfg., Inc. v. MOR/ryde, Inc.*, No. 3:16-cv-263, 2018 WL 345767, at *2 n.2 (N.D. Ind. Jan. 10, 2018) ("[Plaintiff] argues that the complaint's allegation that [plaintiff] complied with the patent marking requirements of 35 U.S.C. § 287(a) provides factual support for its allegation that [defendant] had knowledge of the patents-in-suit, but while marking may satisfy the notice requirement for damages, alleging marking doesn't allow the court to infer a defendant's knowledge of the patent-in-suit.") (citing *Radware, Ltd. v. A10 Networks, Inc.*, No. C-13-02021, 2013 WL 5373305, at *2 (N.D. Cal. Sept. 24, 2013) (holding that patent marking provides constructive knowledge for damages but such allegations are insufficient to meet the actual knowledge standard for induced infringement)); *see also Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*, No. 6:20-cv-00318, 2021 WL 4555802, at *2 (W.D. Tex. Oct. 4, 2021) (dismissing induced infringement claims where the "FAC merely recited: 'Defendant has been willfully blind to its infringement [] by, for example, ignoring the patent markings on both [plaintiff's] practicing products and its literature.'"). SiOnyx did not plead that Apple had actual pre-suit knowledge of the asserted patents or that Apple had sufficient knowledge of the image sensor (which the Complaint alleges is manufactured by a third-party supplier). Accordingly, SiOnyx has not sufficiently pled that Apple (1) knew of the asserted patents, (2) knowingly induced infringing acts, or (3) acted with specific intent, and the Court should dismiss SiOnyx's induced infringement claims with respect to Apple's purported pre-suit conduct.

The Court also should dismiss SiOnyx's induced infringement claims with respect to Apple's post-suit conduct. The majority of courts in this District have held that knowledge imputed to a defendant from a complaint itself cannot support a claim for pre- or post-suit induced infringement. *See, e.g., Endobotics*, Civ. No. 1:24-cv-10746, ECF 31, at 12 (adopting

8

"the rule" that no claim for indirect infringement or willful infringement is stated in the absence of an allegation of pre-suit knowledge); *Canon,* 411 F. Supp. 3d at 165 ("following the practice of the majority of courts in this district" and granting defendant's motion to dismiss claims for induced infringement because the complaint was insufficient to serve as knowledge of the asserted patent to support post-filing induced infringement); *Zond, Inc. v. Fujitsu Semiconductor Ltd.,* 990 F. Supp. 2d 50, 57 (D. Mass. 2014) (holding that "pre-filing knowledge of the patent must be established before a claim of induced infringement may succeed"); *Select Retrieval, LLC v. Bulbs.com Inc.,* No. 12-10389-TSH, 2012 WL 6045942, at *5–6 (D. Mass. Dec. 4, 2012) (dismissing claims of indirect infringement because "the filing of a lawsuit is not enough to support Select's claim for indirect infringement").

    Policy considerations weigh in favor of the majority view in this District that SiOnyx's Complaint cannot support its post-suit induced infringement claims. In particular, the Supreme Court held in *Global-Tech Appliances, Inc. v. SEB S.A.* that a claim for induced infringement requires "knowledge of the existence of the patent that is infringed." 563 U.S. 754, 765–66 (2015). A holding that a complaint itself provides sufficient knowledge to support a post-filing induced infringement claim would "vitiate this explicit requirement" of knowledge of the patent. *Zond,* 990 F. Supp. 2d at 57 (allowing knowledge element of induced infringement to be satisfied through filing of a complaint would mean "all complaints will automatically satisfy this requirement upon filing, and it would be superfluous"). Further, Federal Rule of Civil Procedure 11(b)(3) requires factual contentions made in a pleading to have "evidentiary support," and as a court in this District noted, "[i]t is difficult to perceive how a plaintiff, when relying upon post-filing knowledge to satisfy the requirements of a claim of induced infringement, can have any evidentiary support for its claim at the time of filing." *Zond,* 990 F. Supp. 2d at 57.

The Court should dismiss SiOnyx's induced infringement claims for the additional reason that the allegations are conclusory and devoid of any facts supporting that Apple knew of direct infringement by others or intended to cause their infringement. Instead of pleading specific facts to support its induced infringement claims, SiOnyx alleges that "Apple has actively induced product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the [asserted patents] by, among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Products with knowledge and specific intent to cause that infringement." ECF 1 at ¶¶ 15, 22, 29. SiOnyx's bare recital of claim elements does not meet the pleading standard because SiOnyx fails to provide any supporting facts regarding <u>how</u> third parties allegedly directly infringe the asserted patents, <u>how</u> Apple knew that its alleged actions would induce purported direct infringement, or <u>how</u> there is any causal link between Apple's alleged acts and any alleged direct infringement. *See Ocean Semiconductor,* 2023 WL 6619360, at *4–5 (finding that general statements in pleading were insufficient to "provide notice to meet the scienter requirement" for induced infringement and that knowledge of a patent alone was insufficient to "provide the necessary knowledge to hold an accused infringer liable for inducing infringement… ."); *Cleveland Med. Devices*, 2023 WL 6389628, at *5–6 (dismissing claims of induced infringement where the complaint did not allege knowledge of infringing acts; explaining that "induced infringement under 35 U.S.C. § 271(b) requires, *inter alia,* proof that the defendant knew or should have known that the induced acts constitute patent infringement"; and finding that "CleveMed does not explain what ResMed purportedly provides in its instructions to customers that resulted in infringing use—an omission that further discourages this Court to find CleveMed's claims well-pled.") (internal quotation omitted); *Varian Med. Sys., Inc. v. Elekta*

*AB,* No. 15-871-LPS, 2016 WL 3748772, at *4 (D. Del. July 12, 2016) (dismissing inducement claims, in part, because "the Complaint does not adequately allege that *any third party actually used* the accused device" and "the Complaint does not sufficiently articulate *how* this use of the product can be said to constitute infringement") (emphases in original), *report and recommendation adopted,* No. 15-871-LPS, 2016 WL 9307500 (D. Del. Dec. 22, 2016); *Trs. of Boston Univ. v. Everlight Elecs. Co.,* No. 12-cv-11935, 2014 U.S. Dist. LEXIS 203815, *15–16 (D. Mass. May 8, 2014) ("Although BU mentions marketing, instructional and technical materials, it does not allege any facts regarding what those materials say that would show that BU intended its customers to infringe the '738 Patent. Courts have found similar, and indeed more detailed, allegations to be insufficient to state a claim for induced infringement."); *Massachusetts Inst. of Tech.*, 2014 WL 404696, at *8 ("[A]n induced infringement claim will not pass muster under 12(b)(6) when the plaintiff does not allege any facts to support a reasonable inference that the defendant specifically intended to induce infringement or that it knew it had induced acts that constitute infringement.") (internal quotation and formatting omitted).

For each of these reasons, the Court should dismiss SiOnyx's pre- and post-suit induced infringement claims.

### C. The Complaint Fails to Plausibly Plead Contributory Infringement.

SiOnyx's Complaint also fails to plead facts sufficient to support its pre- and post-suit contributory infringement claims because SiOnyx does not allege that Apple had actual pre-suit knowledge of the asserted patents and because SiOnyx does not plead any specific facts to support its conclusory assertions regarding each of the elements of contributory infringement. Contributory infringement, like induced infringement, requires both knowledge of the asserted patents and "knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys.,* 575 U.S. 632, 639 (2015) ("Like induced infringement, contributory infringement requires knowledge of the

11

patent in suit and knowledge of patent infringement."). SiOnyx's conclusory allegation that Apple has "knowledge of the [asserted patents]," without more, is insufficient. *See, e.g., Global-Tech Appliances,* 563 U.S. at 765–66 (holding that "§ 271(c) requires knowledge of the existence of the patent that is infringed," and "the same knowledge is needed for induced infringement under § 271(b)"); *Ocean Semiconductor,* 2023 WL 6619360, at *3 (quoting *Global-Tech Appliances* and *Commil USA* regarding the "knowledge requirement" for induced and contributory infringement); *ZapFraud,* 528 F.Supp.3d at 249 ("Claims of indirect infringement—that is, induced or contributory infringement—require proof that the defendant's conduct occurred after the defendant (1) knew of the existence of the asserted patent and (2) knew that a third party's acts constituted infringement of the patent."). Accordingly, for the same reasons discussed above related to induced infringement, the Court should find that the absence of any allegations that Apple had actual pre-suit knowledge of the asserted patents and that Apple had knowledge of infringement is fatal to SiOnyx's pre- and post-suit contributory infringement claims. *See Commil USA,* 575 U.S. at 641 ("[R]ules concerning contributory infringement [are] relevant to induced infringement, because the mental state imposed in each instance is similar.").

    The Court also should hold SiOnyx's contributory infringement claims deficient because SiOnyx's allegations amount to nothing more than a cursory and conclusory recitation of the statutory elements for contributory infringement. Under 35 U.S.C. § 271(c), a party is liable for contributory infringement if he or she "offers to sell or sells within the United States or imports into the United States . . . a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or

commodity of commerce suitable for substantial noninfringing use." With respect to contributory infringement, the Complaint merely parrots the statutory language, alleging with identical language for each of the three asserted patents that "Apple has indirectly infringed and continues to indirectly infringe the [asserted patents] in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Products with knowledge of the [asserted patents]" and that "[t]he Accused Products are not a staple article [sic] of commerce suitable for substantial non-infringing use." ECF 1 at ¶¶ 16, 23, 30. These allegations cannot support a plausible claim for contributory infringement.

In *Select Retrieval,* for example, a court in this District dismissed a contributory infringement claim because the allegations merely recited the statutory elements and were "nothing more than legal conclusions with little or no factual support." 2012 WL 6045942, at *5. The court explained that:

> Select must do more than recite the statutory elements of an indirect infringement claim. Because the allegations fall woefully short of establishing a plausible claim for contributory infringement or infringement by inducement, as to these claims Bulb.com's motion to dismiss is allowed.

*Id.* Here, SiOnyx's Complaint similarly fails to plead facts regarding "a component of the Accused Products" that Apple allegedly provided to a third party to contribute to direct infringement. ECF 1 at ¶¶ 16, 23, 30. SiOnyx also does not plead facts to support how any "component of the Accused Products" is a "material part" of any purported claimed invention of the asserted patents; how Apple purportedly knew that a "component of the Accused Products" is "especially made or especially adapted for use" in the alleged infringement of the asserted patents; or how that "component of the Accused Products" is not a staple article or commodity of commerce suitable for substantial noninfringing use. *Id.*; *see also Addiction & Detoxification Inst. L.L.C.,* 620 F. App'x. at 938 (Fed. Cir. 2015) (affirming dismissal of contributory

13

infringement claims because the complaint did not plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *Sunrise Techs., Inc. v. CIMCON Lighting, Inc.,* 219 F. Supp. 3d 260, 264 (D. Mass. 2016) (dismissing contributory infringement claim because "Plaintiff has not pled any facts that show that the accused products have no substantial non-infringing uses or that the accused products are especially made or adapted for infringing uses"); *Trs. of Boston Univ.,* 2014 U.S. Dist. LEXIS 203815, at *14 (dismissing "conclusory" contributory infringement allegations).

Because SiOnyx does not plead that Apple had pre-suit knowledge of the asserted patents and because SiOnyx's contributory infringement allegations merely parrot the statutory language, the Court should dismiss SiOnyx's pre- and post-suit contributory infringement claims.

## V.   CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court dismiss SiOnyx's pre- and post-suit claims for willful and indirect infringement.

Dated: November 18, 2024

Respectfully submitted,

*/s/ Michael Strapp*
Michael Strapp (BBO #653884)
Safraz Ishmael (BBO #657881)
Claire E. Schuster (BBO #698400)
**DLA Piper LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Telephone: 617.406.6031
Facsimile: 617.406.6100
michael.strapp@us.dlapiper.com
safraz.ishmael@us.dlapiper.com
claire.schuster@us.dlapiper.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 18th day of November 2024, all counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via email. Any other counsel of record will be served by first class mail.

                                                                 */s/ Michael Strapp*
                                                                 Michael Strapp