# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

SIONYX, LLC,

      *Plaintiff*,

      v.

APPLE INC.,

      *Defendant*.

C.A. No. 1:24-cv-12354-JEK

**JURY TRIAL DEMANDED**

**APPLE INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE AND PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................................... 1

II.   BACKGROUND ...................................................................................................... 3

      A.    The ███████████████ Agreement ...................................................... 3

      B.    SiOnyx's Allegations of Willful and Indirect Infringement in the FAC .............. 4

III.  LEGAL STANDARD ............................................................................................. 5

IV.   ARGUMENT ........................................................................................................... 7

      A.    The Court Should Take Judicial Notice of the Parties' Agreement ...................... 7

      B.    The Court Should Strike the New Allegations From the FAC ............................ 9

      C.    The FAC Fails to Plausibly Plead Willful Infringement ..................................... 10

            1.    SiOnyx's Allegations of Actual Knowledge of the '359 and the
                  '714 Patents Are Insufficient .................................................................... 10

            2.    SiOnyx's Allegations of Actual Knowledge of Infringement of the
                  Asserted Patents Are Insufficient ............................................................. 11

            3.    SiOnyx's Allegations of Constructive Knowledge of the Asserted
                  Patents Are Insufficient ........................................................................... 13

            4.    SiOnyx's Allegations of Post-Suit Knowledge of the Asserted
                  Patents Are Insufficient ........................................................................... 13

      D.    The FAC Fails to Plausibly Plead Induced Infringement of the Asserted
            Patents. ........................................................................................................... 15

      E.    The FAC Fails to Plausibly Plead Contributory Infringement of the
            Asserted Patents. ............................................................................................. 17

V.    CONCLUSION ....................................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
  620 F. App'x 934 (Fed. Cir. 2015) ...............................................................................3, 19

*Alston v. Town of Brookline*,
  321 F.R.D. 41 (D. Mass. 2017)....................................................................................1, 6, 9

*Anchor Wall Sys. v. Rockwood Retaining Walls*,
  340 F.3d 1298 (Fed. Cir. 2003)...........................................................................................8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..............................................................................................................6

*BASF Plant Sci., LP v. Commonwealth Sci. and Indus. Rsch. Org.*,
  28 F.4th 1247 (Fed. Cir. 2022) .......................................................................................6, 14

*Bayer Healthcare LLC v. Baxalta Inc.*,
  989 F.3d 964 (Fed. Cir. 2021).............................................................................................6

*Beddall v. State St. Bank & Trust Co.*,
  137 F.3d 12 (1st Cir. 1998).......................................................................................1, 5, 8, 9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..............................................................................................................6

*Bio-Rad Labs., Inc. v. 10X Genomics, Inc.*,
  19-CV-12533-WGY, 2020 U.S. Dist. LEXIS 751566 (D. Mass. Apr. 30,
  2020) ....................................................................................................................................12

*Canon, Inc. v. Avigilon USA Corp. Inc.*,
  411 F. Supp. 3d 162 (D. Mass. 2019) .....................................................................6, 7, 14, 15

*Cleveland Med. Devices Inc. v. Resmed Inc.*,
  696 F. Supp. 3d 4 (D. Del. Oct. 2023) .....................................................................2, 11, 13, 14

*Commil USA, LLC v. Cisco Sys.*,
  575 U.S. 632 (2015)...........................................................................................................7, 17, 18

*Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*,
  638 F.Supp.3d 1088 (N.D. Cal. 2022) .............................................................................13, 14

*Doe v. Brimfield Grade Sch.*,
  552 F. Supp. 2d 816 (C.D. Ill. 2008) ............................................................................1, 9, 10

*Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*,
   946 F.3d 1367 (Fed. Cir. 2020)............................................................................6

*Endobotics, LLC v. Hologic, Inc.*,
   No. 1:24-cv-10746, ECF 31 (D. Mass. Aug. 13, 2024)................................6, 14, 15

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2015)..............................................................................16, 17, 18

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   579 U.S. 93 (2016)...............................................................................................14

*Ironshore Specialty Ins. Co. v. U.S.*,
   871 F.3d 131 (1st Cir. 2017)........................................................................ *passim*

*Lexington Luminance LLC v. TCL Multimedia Tech. Holdings, Ltd.*,
   16-CV-11458-DJC, 2017 U.S. Dist. LEXIS 140479 (D. Mass. Aug. 30, 2017)....................12

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
   869 F.3d 1371 (Fed. Cir. 2017)............................................................................7

*Mass. Inst. of Tech. v. Shire PLC*,
   No. 1:13-CV-10020, 2014 U.S. Dist. LEXIS 12932 (D. Mass. Feb. 2, 2014) ...................2, 17

*NexStep, Inc. v. Comcast Cable Comm'ns., LLC*,
   Civ. No. 19-1031-RGA-SRF, 2019 U.S. Dist. LEXIS 189713 (D. Del. Oct.
   31, 2019) ...............................................................................................2, 10, 11

*Ocean Semiconductor LLC v. Analog Devices, Inc.*,
   698 F. Supp. 3d 204 (D. Mass. 2023) .......................................................... *passim*

*Robocast, Inc. v. Microsoft Corp.*,
   21 F. Supp. 3d 320 (D. Del. 2014).......................................................................11

*Select Retrieval, LLC v. Bulbs.com Inc.*,
   No. 12-10389-TSH, 2012 U.S. Dist. LEXIS 171814 (D. Mass. Dec. 4, 2012)................15, 19

*Sheffield v. City of Boston*,
   319 F.R.D. 52 (D. Mass 2016)............................................................................1, 9

*Splunk Inc. v. Cribl, Inc.*,
   662 F. Supp. 3d 1029 (N.D. Cal. 2023) .................................................................13

*Sunrise Techs., Inc. v. CIMCON Lighting, Inc.*,
   219 F. Supp. 3d 260 (D. Mass. 2016) ...................................................................19

*Trs. of Boston Univ. v. Everlight Elecs. Co.*,
   No. 12-cv-11935, 2014 U.S. Dist. LEXIS 203815 (D. Mass. May 8, 2014)....................17, 20

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
  528 F.Supp.3d 247 (D. Del. 2021) ...............................................................................18

*Zond, Inc. v. Fujitsu Semiconductor Ltd.*,
  990 F. Supp. 2d 50 (D. Mass. 2014) .......................................................................15, 16

**Statutes**

35 U.S.C. § 271(c) ...............................................................................................5, 17, 18

███████████████████████████████████████████████████████

## I.    INTRODUCTION

SiOnyx's First Amended Complaint ("FAC") alleges that Apple directly, indirectly, and willfully infringes U.S. Patent Nos. 9,064,764, 10,224,359, and 11,721,714 (collectively, the "asserted patents"). Apple moves the court to take judicial notice of ███████████████ ███████████████ ("Agreement") (Ex. A, attached hereto), and to strike paragraphs 15, 24, and 33 of the FAC (the "New Allegations"), which violate the Agreement. Apple also moves to dismiss all of SiOnyx's pre- and post-suit willful and indirect (induced and contributory) infringement claims for failure to state a claim.

First, Apple requests that the Court take judicial notice of the Agreement and strike the New Allegations. Judicial notice is appropriate because SiOnyx has directly put at issue the Agreement by relying upon pre-suit communications between the parties made pursuant to the Agreement in the New Allegations as a basis for asserting claims of pre-suit willful and indirect infringement in the FAC. Pursuant to Rule 12(f), Apple also asks the Court to strike the New Allegations because they are immaterial to the claims and defenses in this lawsuit and are prejudicial to Apple. *See Ironshore Specialty Ins. Co. v. U.S.*, 871 F.3d 131, 135 (1st Cir. 2017); *Sheffield v. City of Boston*, 319 F.R.D. 52, 54-56 (D. Mass 2016). The New Allegations are specifically prohibited by the terms of the Agreement, including █████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████ Ex. A. at 2; *see also Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16-17 (1st Cir. 1998); *Alston v. Town of Brookline*, 321 F.R.D. 41, 44-45 (D. Mass. 2017); *Doe v. Brimfield Grade Sch.*, 552 F. Supp. 2d 816, 825-826 (C.D. Ill. 2008).

Second, pursuant to Rule 12(b)(6), Apple requests that the Court dismiss SiOnyx's claims for pre- and post-suit willful and indirect infringement. SiOnyx does not allege in the FAC that

Apple had specific pre-suit knowledge of the '359 and '714 patents, so any claim of pre- and post-suit willful and indirect infringement with respect to these patents must be dismissed regardless of whether the Court strikes the New Allegations. FAC, ¶¶ 24, 33. Indeed, the '359 and '714 patents had not issued when SiOnyx made the 2017 Presentation referenced in the New Allegations, so SiOnyx could not possibly have given Apple pre-suit notice of these patents through the 2017 Presentation. *Compare* FAC, ¶¶ 24, 33, Ex. G at 1 (not listing the '359 and '714 patents) *with* FAC, Exs. C, E; *see NexStep, Inc. v. Comcast Cable Comm'ns., LLC*, Civ. No. 19-1031-RGA-SRF, 2019 U.S. Dist. LEXIS 189713, at *6 (D. Del. Oct. 31, 2019).

The Court also should dismiss SiOnyx's claim of pre- and post-suit willful and indirect infringement with respect to the '764 patent on two grounds. First, if the Court grants Apple's motion to strike the New Allegations, then the FAC will lack any allegations that Apple had pre-suit knowledge of the '764 patent. Second, even if the Court declines to strike the New Allegations, the FAC does not state a claim for willful or indirect infringement with respect to the '764 patent. The '764 patent is only listed in the footer of the first slide of the 2017 Presentation as one of 30 SiOnyx patents. FAC, Ex. G at 2. More importantly, the 2017 Presentation includes no reference to any claim of the '764 patent, let alone any allegation that Apple is infringing any claim of the '764 patent. *Id.*, Ex. G. Alleged knowledge of the patent alone, without more, is insufficient to state a claim for willful or indirect infringement. *See Ocean Semiconductor LLC v. Analog Devices, Inc.,* 698 F. Supp. 3d 204, 209 (D. Mass. 2023); *Cleveland Med. Devices Inc. v. Resmed Inc.,* 696 F. Supp. 3d 4, 14 (D. Del. Oct. 2023).

SiOnyx's pre- and post-suit indirect infringement claims are also deficient because SiOnyx's FAC merely recites the legal elements of induced and contributory infringement without including plausible allegations that those elements are met by any Apple conduct. *See Mass. Inst.*

█████████████████████████████████████████████████████████████████████

*of Tech. v. Shire PLC,* No. 1:13-CV-10020, 2014 U.S. Dist. LEXIS 12932, at *23 (D. Mass. Feb. 2, 2014); *Addiction & Detoxification Inst. L.L.C. v. Carpenter,* 620 F. App'x 934, 938 (Fed. Cir. 2015).

For each of these reasons, Apple respectfully requests that the Court grant both its motion to strike the New Allegations and its motion to dismiss all of SiOnyx's pre- and post-suit willful and indirect (induced and contributory) infringement claims for failure to state a claim.

## II.    BACKGROUND

A.    The ███████████████ Agreement

█████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████ The 2017 Presentation, referenced in the New Allegations and attached as Exhibit G to the FAC, includes a designation of "Proprietary and confidential" that is affixed to every slide except for the title slide of the 2017 Presentation. ███████████████████████████████████████████████████

███████████████████████████████████████████████

The Agreement states in relevant part:

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████

███████████████████████████████████████████████████████

*See* Ex. A at 1-2 (emphases added).

In its FAC, ████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████

**B.    SiOnyx's Allegations of Willful and Indirect Infringement in the FAC**

The patents SiOnyx asserts in the FAC relate to specific structures created during the manufacture of complementary metal-oxide-semiconductor ("CMOS") image sensors. FAC, ¶ 8. The FAC expressly identifies only a single image sensor made by Sony as the basis for the infringement allegations. *Id*. at ¶¶ 14, 23, 32. The asserted patents belong to the same patent family; all three patents claim priority to U.S. Provisional Patent App. No. 61/614,275. *Id.* at Exs. A, C, E.

The FAC alleges willful infringement and indirect infringement (both induced and contributory infringement) against Apple. SiOnyx alleges that Apple had constructive notice of the asserted patents by virtue of SiOnyx's marking of certain of its products with an internet address that lists the asserted patents. *Id*. at ¶¶ 11, 16, 25, 34. SiOnyx alleges that Apple had actual knowledge of the '764 patent from the 2017 Presentation. *Id*. at ¶ 15. Finally, SiOnyx alleges that Apple also knew about the '359 and '714 patents because the 2017 Presentation identified the '764 patent, the parent of the '359 and '714 patents. *Id*. at ¶¶ 24, 33.

SiOnyx makes no allegation that Apple had pre-suit knowledge of infringement of any patent. SiOnyx does not allege that Apple had pre-suit knowledge of infringement with respect to the '764 patent, the only one of the three asserted patents referenced in the 2017 Presentation. *Id*. at ¶ 15. Instead, SiOnyx alleges only that Apple had notice of the asserted patents "and its

infringement thereof" since "the filing of the initial Complaint in this action on September 12, 2024." *Id.* at ¶¶ 15, 24, 33.

SiOnyx's allegations concerning indirect infringement are boilerplate and conclusory. For induced infringement, SiOnyx alleges only that Apple has "actively induced product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the [asserted patents] by, among other things, disseminating, manufacturing, distributing, importing and maintaining the Accused Products." *Id.* at ¶¶ 17, 26, 35. And for contributory infringement, SiOnyx contends, using the identical language for each of the three asserted patents, that Apple violates 35 U.S.C. § 271(c) "by selling or offering to sell in the United States, or importing into the United States, the Accused Products with knowledge of the [asserted patents]," and further alleges that the Accused Products "are not a staple article of commerce suitable for substantial non-infringing use." *Id.* at ¶¶ 18, 27, 36.

## III.  LEGAL STANDARD

A court may take judicial notice of a document not explicitly referenced in the pleadings to decide a motion to dismiss. The court may consider "documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Ironshore*, 871 F.3d at 135. When "a complaint's factual allegations are expressly linked to – and admittedly dependent upon – a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." *Beddall*, 137 F.3d at 16-17.

Pursuant to Rule 12(f), a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. In the context of a motion to strike portions of a pleading, "immaterial" matter is defined as content that has no essential or important

relationship to the claim for relief or the defenses being pleaded. *Alston*, 321 F.R.D. at 44. "The presence of immaterial allegations in a complaint can rise to the level of prejudice when the matter complained of has the effect of confusing the issues or where it is so lengthy and complex that it places an undue burden on the responding party." *Id.*

Federal Rule of Civil Procedure 12(b)(6) authorizes courts to dismiss a complaint for "failure to state a claim upon which relief can be granted." To adequately state a claim, a complaint must contain sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Facial plausibility is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citation omitted). A plaintiff's obligation to provide the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Endobotics, LLC v. Hologic, Inc.*, No. 1:24-cv-10746, ECF 31, at *6 (D. Mass. Aug. 13, 2024) (Ex. B, attached hereto) (citing *Twombly*, 550 U.S. at 555 (quotations omitted)).

To sufficiently plead willful infringement, a plaintiff must plausibly allege (1) knowledge of the asserted patent *and* (2) knowledge of infringement. *See, e.g., Canon, Inc. v. Avigilon USA Corp. Inc.,* 411 F. Supp. 3d 162, 164 (D. Mass. 2019); *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.,* 946 F.3d 1367, 1378– 79 (Fed. Cir. 2020). Indeed, "[t]o establish willfulness, a patentee must show that the accused infringer had a specific intent to infringe at the time of the challenged conduct." *BASF Plant Sci., LP v. Commonwealth Sci. and Indus. Rsch. Org.*, 28 F.4th 1247, 1274 (Fed. Cir. 2022); *see also Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021) ("knowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness").

Similarly, "[t]o state a viable claim for induced infringement, plaintiff must allege that defendant (1) knew of the patent, (2) knowingly induced infringing acts, and (3) acted with specific intent" to induce infringement. *Canon*, 411 F. Supp. at 164 (citation omitted); *see also Ocean Semiconductor,* 698 F. Supp. 3d at 209 (holding that for both induced and contributory infringement, "a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'") (quoting *Lifetime Indus., Inc. v. Trim-Lok, Inc.,* 869 F.3d 1371, 1339 (Fed. Cir. 2017)) (alterations in original).

Contributory infringement, just like induced infringement, requires knowledge of the asserted patents and "knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys.,* 575 U.S. 632, 639 (2015) ("Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement.").

## IV.  ARGUMENT

### A.  The Court Should Take Judicial Notice of the Parties' Agreement

The Court should take judicial notice of the parties' Agreement when evaluating Apple's motion to strike. Courts may consider a document whose authenticity is not in dispute, or that is central to the plaintiff's claim. *Ironshore*, 871 F.3d at 135. SiOnyx cannot meaningfully dispute the authenticity of the Agreement, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. A at 3. Furthermore, when factual allegations in a complaint are "admittedly dependent upon a document," courts can review that document in considering a motion challenging the pleadings. *Ironshore*, 871 F.3d at 135. Here, SiOnyx has made the Agreement central to its claims of willful and indirect infringement; SiOnyx's claims are therefore "admittedly dependent upon" the parties' Agreement. FAC at ¶¶ 15, 24, and 33; *see Ironshore*, 871 F.3d at 135. The communications between Apple and SiOnyx referenced in the New Allegations, including the 2017 Presentation, were all made

███████████████████████████████████████████████████████

pursuant to the Agreement, including the provision in the Agreement that states "█████████████

███████████████████████████████████████████████████████

████████████████████████████████████" Ex. A at 1-2; *see Beddall*, 137 F.3d at 16-

17 ("the Agreement's centrality to the plaintiffs' contentions, as limned in their complaint, makes

it in effect part of the pleadings, and, thus, differentiates its evaluation in conjunction with a motion

to dismiss from the assessment of traditional extrinsic evidence.").

The Court should take judicial notice of the Agreement in this case for the same reasons

articulated by the First Circuit in *Ironshore*. 871 F.3d at 135.[1] Like SiOnyx here, the *Ironshore*

plaintiff did not attach an agreement between the parties to the complaint. *See id*. The *Ironshore*

court nonetheless held that judicial notice of that agreement was appropriate because the claim

relied on an assertion that a particular sea vessel was not a "public vessel" exempted from

liability—and the agreement between the parties expressly governed that determination. *Id*. at 135-

136. Similarly, SiOnyx's claims of willful and indirect infringement rely upon alleged

communications between the parties in 2017, █████████████████████████████

██████████████████████████████████████████████████ Ex.

A at 2. As in *Ironshore*, where the underlying agreement was critical to determining whether the

plaintiff had stated a claim and was thus properly subject to judicial notice, here the Court should

take judicial notice of the Agreement ████████████████████████████████

███████████████████████████████████████████████████████

---

[1] In a patent case, issues that are not unique to patent law are governed by applicable regional circuit law. *Anchor Wall Sys. v. Rockwood Retaining Walls*, 340 F.3d 1298, 1306 (Fed. Cir. 2003) ("We generally apply the law of the pertinent regional circuit when the precise issue to be addressed involves an interpretation of the Federal Rules of Civil Procedure.").

████████████████████████████████████████████████████████

███████████████ *See* 871 F.3d at 135-136; *see also Beddall*, 137 F.3d at 16-17 ("Any other approach would seriously hinder recourse to Rule 12 motions, as a plaintiff could thwart the consideration of a critical document merely by omitting it from the complaint. We doubt that the drafters of the Civil Rules, who envisioned Rule 12(b)(6) motions as a swift, uncomplicated way to weed out plainly unmeritorious cases, would have countenanced such a result.").

**B.    The Court Should Strike the New Allegations From the FAC**

In addition to granting Apple's request for judicial notice, the Court should strike paragraphs 15, 24, and 33 from the FAC pursuant to Rule 12(f) because they are immaterial to any claim or defense in view of the Agreement. The New Allegations are immaterial to SiOnyx's contention that Apple had pre-suit knowledge of the asserted patents—a required element of both willful and indirect infringement—because ███████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████████ Ex. A at 2; *see Sheffield*, 319 F.R.D. at 54-56 (striking various third-party reports and studies from a complaint as "clutter" not related to any claim or defense); *see also Alston*, 321 F.R.D. at 44-45 (striking allegations regarding disparate treatment of third-party town employees from years earlier that are "far removed" from the plaintiff's instant claim of racial discrimination).

Further, Apple will be prejudiced if the New Allegations remain in the case. *See Brimfield Grade Sch.*, 552 F. Supp. 2d at 825-826 (striking as prejudicial allegations of failure to comply with a regulation that prior court precedent held could not be used to plead a claim). These allegations are prejudicial not only because Apple and SiOnyx ██████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████ Ex. A at 1-2; *see Brimfield Grade Sch.*, 552 F. Supp. 2d at 825-826.

    In other words, ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████ Thus, SiOnyx's inclusion of the New Allegations in the FAC in an effort to manufacture pre-suit willful and indirect infringement claims is explicitly prohibited by the Agreement. Ex. A at 1-2. The Court should strike the New Allegations from the FAC because Apple would be prejudiced by being forced to respond to the New Allegations ██████████████████████████████████████

██████████████████████████████████████████████. *See Brimfield Grade Sch.*, 552 F. Supp. 2d at 825-826.

### C.    The FAC Fails to Plausibly Plead Willful Infringement

    SiOnyx's FAC fails to plead facts sufficient to support its pre- and post-suit willful infringement claims because SiOnyx does not allege that Apple had pre-suit knowledge of infringement of any of the asserted patents.

#### 1.    SiOnyx's Allegations of Actual Knowledge of the '359 and the '714 Patents Are Insufficient

    SiOnyx does not allege that Apple had specific pre-suit knowledge of either the '359 or the '714 patents. FAC at ¶¶ 24, 33. Instead, SiOnyx alleges only that in August 2017, "SiOnyx provided a technical update to Apple on its Deep Trench Isolation and BSI Black Silicon technology that cites the 764 patent"—not the '359 patent or '714 patent. *Compare id.* at ¶ 15 *with* ¶¶ 24, 33. At the time of the 2017 Presentation, neither the '359 patent nor the '714 patent had issued. *See NexStep*, 2019 U.S. Dist. LEXIS 189713, at *6 (dismissing claim of willful infringement because "NexStep has failed to plausibly plead pre-suit knowledge of the patents-in-

suit because, when [the inventor] met with Comcast, none of the patents-in-suit had issued."). The '359 patent did not issue until March 5, 2019, and the '714 patent did not issue until August 8, 2023. FAC, ¶¶ 20, 27. Indeed, the application for the '714 patent had not even been filed at the time of the 2017 Presentation. FAC, Ex. E. As such, it is a factual impossibility that Apple learned of either the '359 patent or the '714 patent because of the 2017 Presentation. *See NexStep*, 2019 U.S. Dist. LEXIS 189713, at *6; *see also Robocast, Inc. v. Microsoft Corp.*, 21 F. Supp. 3d 320, 334 (D. Del. 2014) (dismissing claims of willful and indirect infringement because "[f]iling an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents. What the scope of claims in patents that do issue will be is something totally unforeseeable.") (citation omitted).

### 2.    SiOnyx's Allegations of Actual Knowledge of Infringement of the Asserted Patents Are Insufficient

In its FAC, SiOnyx alleges that Apple learned of the '764 patent through its 2017 Presentation, which "expressly cites the 764 patent." FAC at ¶ 15; FAC, Ex. G. Even if the Court does not strike the New Allegations, SiOnyx has not plausibly alleged willful infringement of the '764 patent, because the New Allegations, at most and taken in the light most favorable to SiOnyx, suggest that Apple knew of the '764 patent, not that Apple knew it was allegedly infringing the '764 patent. FAC at ¶ 15; *see Cleveland Med. Devices,* 696 F. Supp. at 14 (dismissing claims of willful infringement where the complaint did "not assert any nonconclusory facts supporting" knowledge of infringement despite undisputed knowledge of the asserted patents). The 2017 Presentation only references the '764 patent once, on the cover page, where it appears second to last in a list of 30 patents. FAC, Ex. G at 2. The remaining six pages of the presentation include no reference to patents or patent claims. *Id.* Moreover, SiOnyx does not suggest in the 2017 Presentation that Apple is practicing any claim of any SiOnyx patent. FAC, Ex. G at 3-8.

Thus, at best and not taking the Agreement into account (though the Court should account for the Agreement and strike the New Allegations), SiOnyx's allegations would only be limited to pre-suit knowledge of one of three asserted patents and would not include an assertion that Apple had pre-suit knowledge of <u>infringement</u> of any asserted patent. These allegations fall short of the types of allegations that other courts in this District have found sufficient to allege claims for willful and indirect infringement. In *Bio-Rad Labs., Inc. v. 10X Genomics, Inc.*, for example, another court in this District held that the continued sale of an accused product, after receiving notice of the patent and infringement through the filing of an amended pleading, together with alleged monitoring of the plaintiffs' product portfolio and retention of plaintiffs' former employees, was sufficient to state a claim for willfulness. 19-CV-12533-WGY, 2020 U.S. Dist. LEXIS 75156, at *15-*16 (D. Mass. Apr. 30, 2020). Similar facts are not present here, where SiOnyx does not plead that it informed Apple of any purported <u>infringement</u> prior to the filing of the original complaint or alleged that Apple monitors SiOnyx's patent portfolio or poaches its employees. *Compare id. with* FAC at ¶ 15. Similarly, a different court in this District held that the plaintiff sufficiently pled knowledge of infringement through allegations that the defendant knew of the patent and "continued to sell and distribute its products and instruction manuals." *Lexington Luminance LLC v. TCL Multimedia Tech. Holdings, Ltd.*, 16-CV-11458-DJC, 2017 U.S. Dist. LEXIS 140479, at *17-*18 (D. Mass. Aug. 30, 2017). While SiOnyx has alleged that Apple learned of the '764 patent prior to suit, the 2017 Presentation did not assert that Apple infringed any claim of the '764 patent, nor has SiOnyx alleged in the FAC that Apple had pre-suit knowledge of purported infringement. *Compare id. with* FAC at ¶ 15.

Because SiOnyx does not plead that Apple had pre-suit knowledge of infringement of any of the asserted patents, it has failed to state a claim for pre- and post-suit willful infringement.

Even in cases where, like here, an alleged infringer had purported pre-suit knowledge of an asserted patent, courts have dismissed willful infringement claims where the patentee could not show that the infringer had a specific intent to infringe. *See, e.g.*, *Cleveland Med. Devices,* 696 F. Supp. 3d at 14 (dismissing claims of pre-suit and post-suit willful infringement where the complaint did "not assert any nonconclusory facts supporting" knowledge of infringement despite undisputed knowledge of the asserted patents); *see also Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*, 638 F.Supp.3d 1088, 1098–99 (N.D. Cal. 2022) (dismissing willful infringement claims because "Dali only alleges that Corning knew of the *patents*, not that Corning knew of *infringement* of the patents") (emphases in original).

### 3. SiOnyx's Allegations of Constructive Knowledge of the Asserted Patents Are Insufficient

SiOnyx's allegations concerning Apple's purported constructive knowledge of the asserted patents are also insufficient to survive a motion to dismiss. SiOnyx contends that it marked its products with the asserted patents, but even if true, mere allegations of patent marking cannot support willful infringement claims. FAC at ¶¶ 25, 34; *see Splunk Inc. v. Cribl, Inc.*, 662 F. Supp. 3d 1029, 1036 (N.D. Cal. 2023) (granting motion to dismiss willful and indirect infringement claims for lack of pre-suit knowledge of the asserted patents, holding that allegations that "Cribl's founders and employees were aware of Splunk's patent-marking page when it copied and used this software" were insufficient to plausibly plead pre-suit knowledge of the asserted patents).

### 4. SiOnyx's Allegations of Post-Suit Knowledge of the Asserted Patents Are Insufficient

SiOnyx also attempts to justify its willful infringement claims in the FAC based upon Apple's purported knowledge of "its infringement" of the asserted patents "since at least as early as the filing of the initial Complaint." FAC, ¶¶ 16, 25, 34. Allowing plaintiffs like SiOnyx to rely on a complaint as the sole basis for sustaining post-suit willful infringement claims would allow

plaintiffs to plead post-suit willful infringement in every patent infringement case, without plausibly pleading an alleged infringer's actions have been "willful, wanton, malicious, or bad faith." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103 (2016). Courts, including in this District, have resoundingly rejected this approach, dismissing willful infringement claims where a complaint alleged that a defendant learned of the asserted patents solely through the filing of the complaint. *See, e.g., Endobotics,* ECF 31, at *12 (dismissing willful infringement claim "where the defendant's knowledge of the asserted patent is solely based on the filing of the complaint"); *Canon,* 411 F. Supp. 3d at 165 (dismissing both pre-suit and post-suit claims for willful infringement because the plaintiff did not plead pre-suit knowledge of the patents-in-suit).

SiOnyx's post-suit allegations are also insufficient to state a claim for willful infringement because SiOnyx does not plead a single fact supporting a conclusion that Apple "had a specific intent to infringe at the time of the challenged conduct," regardless of whether that challenged conduct was pre- or post-suit. *BASF,* 28 F.4th at 1274; *see also Dali Wireless*, 638 F.Supp.3d at 1098–99 . On the contrary, SiOnyx merely makes the conclusory allegation that, "[o]n information and belief, Apple's infringement of the [asserted patents] is and has been willful." FAC, at ¶¶ 20, 29, 38; *see Cleveland Med. Devices,* 696 F. Supp. 3d at 14.

In sum, the Court should dismiss SiOnyx's pre- and post-suit willful infringement claims of the asserted patents because SiOnyx's FAC does not plead that Apple had pre-suit knowledge of infringement or a specific intent to infringe any of the asserted patents and because SiOnyx's conclusory assertion that Apple has willfully infringed since the filing of SiOnyx's initial complaint is insufficient to state a claim for willful infringement.

### D.    The FAC Fails to Plausibly Plead Induced Infringement of the Asserted Patents.

SiOnyx's FAC fails to plead facts sufficient to support its pre-suit induced infringement claims because as set forth above, SiOnyx has not alleged that Apple had actual pre-suit knowledge of alleged infringement of any of the asserted patents. *See* Section IV.C; *see also Canon*, 411 F. Supp. at 164 ("[t]o state a viable claim for induced infringement, plaintiff must allege that defendant (1) knew of the patent, (2) knowingly induced infringing acts, and (3) acted with specific intent" to induce infringement") (citation omitted); *Ocean Semiconductor,* 698 F. Supp. 3d at 209 (same).

The Court also should dismiss SiOnyx's induced infringement claims with respect to Apple's post-suit conduct. The majority of courts in this District have held that knowledge imputed to a defendant from a complaint itself cannot support a claim for pre- *or* post-suit induced infringement. *See, e.g., Endobotics*, ECF 31, at 12 (adopting "the rule" that no claim for indirect infringement or willful infringement is stated in the absence of an allegation of pre-suit knowledge); *Canon,* 411 F. Supp. 3d at 165 ("following the practice of the majority of courts in this district" and granting defendant's motion to dismiss claims for induced infringement because the complaint was insufficient to serve as knowledge of the asserted patent to support post-filing induced infringement); *Zond, Inc. v. Fujitsu Semiconductor Ltd.,* 990 F. Supp. 2d 50, 57 (D. Mass. 2014) (holding that "pre-filing knowledge of the patent must be established before a claim of induced infringement may succeed"); *Select Retrieval, LLC v. Bulbs.com Inc.,* No. 12-10389-TSH, 2012 U.S. Dist. LEXIS 171814, at *17-*18 (D. Mass. Dec. 4, 2012) (dismissing claims of indirect infringement because "the filing of a lawsuit is not enough to support Select's claim for indirect infringement").

Policy considerations weigh in favor of the majority view in this District that SiOnyx's FAC cannot support its post-suit induced infringement claims. In particular, the Supreme Court held in *Global-Tech Appliances, Inc. v. SEB S.A.* that a claim for induced infringement requires "knowledge of the existence of the patent that is infringed." 563 U.S. 754, 765–66 (2015). A holding that a complaint itself provides sufficient knowledge to support a post-filing induced infringement claim would "vitiate this explicit requirement" of knowledge of the patent. *Zond,* 990 F. Supp. 2d at 57 (allowing knowledge element of induced infringement to be satisfied through filing of a complaint would mean "all complaints will automatically satisfy this requirement upon filing, and it would be superfluous").

The Court should dismiss SiOnyx's induced infringement claims for the additional reason that SiOnyx's allegations in the FAC are conclusory and devoid of any facts supporting that Apple knew of direct infringement by others or intended to cause their infringement. Instead of pleading specific facts to support its induced infringement claims, SiOnyx alleges that "Apple has actively induced product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the [asserted patents] by, among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Products with knowledge and specific intent to cause that infringement." FAC at ¶¶ 17, 26, 35. SiOnyx's bare recital of claim elements does not meet the pleading standard because SiOnyx fails to provide any supporting facts regarding <u>how</u> third parties allegedly directly infringe the asserted patents, <u>how</u> Apple knew that its alleged actions would induce purported direct infringement, or <u>how</u> there is any causal link between Apple's alleged acts and any alleged direct infringement. *See Ocean Semiconductor,* 698 F. Supp. 3d at 210 (finding that general statements in pleading were insufficient to "provide notice to meet the scienter requirement" for induced infringement and that

knowledge of a patent alone was insufficient to "provide the necessary knowledge to hold an accused infringer liable for inducing infringement… ."); *Trs. of Boston Univ. v. Everlight Elecs. Co.,* No. 12-cv-11935, 2014 U.S. Dist. LEXIS 203815, *15–16 (D. Mass. May 8, 2014) ("Although BU mentions marketing, instructional and technical materials, it does not allege any facts regarding what those materials say that would show that BU intended its customers to infringe the '738 Patent. Courts have found similar, and indeed more detailed, allegations to be insufficient to state a claim for induced infringement."); *Mass. Inst. of Tech.*, 2014 U.S. Dist. LEXIS 12932, at *23 ("[A]n induced infringement claim will not pass muster under 12(b)(6) when the plaintiff does not allege any facts to support a reasonable inference that the defendant specifically intended to induce infringement or that it knew it had induced acts that constitute infringement.") (internal quotation omitted).

For each of these reasons, the Court should dismiss SiOnyx's pre- and post-suit induced infringement claims.

### E.    The FAC Fails to Plausibly Plead Contributory Infringement of the Asserted Patents.

SiOnyx's FAC fails to plead facts sufficient to support its pre-suit contributory infringement claims because SiOnyx does not allege that Apple had actual pre-suit knowledge of alleged infringement of any of the asserted patents. Contributory infringement, like induced infringement, requires both knowledge of the asserted patents and "knowledge of patent infringement." *Commil,* 575 U.S. at 639 ("Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement."). SiOnyx's conclusory allegations regarding pre-suit knowledge of infringement fail for the reasons articulated in Section IV.C. *See, e.g., Global-Tech Appliances,* 563 U.S. at 765–66 (holding that "§ 271(c) requires knowledge of the existence of the patent that is infringed," and "the same knowledge is

needed for induced infringement under § 271(b)"); *Ocean Semiconductor,* 698 F. Supp. 3d at 208-209 (quoting *Global-Tech Appliances* and *Commil* regarding the "knowledge requirement" for induced and contributory infringement); *ZapFraud, Inc. v. Barracuda Networks, Inc.,* 528 F.Supp.3d 247, 249 (D. Del. 2021) ("Claims of indirect infringement—that is, induced or contributory infringement—require proof that the defendant's conduct occurred after the defendant (1) knew of the existence of the asserted patent and (2) knew that a third party's acts constituted infringement of the patent."). Accordingly, for the same reasons discussed above related to willful and induced infringement, the Court should find that the absence of any allegations that Apple had actual pre-suit knowledge of infringement is fatal to SiOnyx's pre- and post-suit contributory infringement claims. *See Commil,* 575 U.S. at 641 ("[R]ules concerning contributory infringement [are] relevant to induced infringement, because the mental state imposed in each instance is similar.").

The Court also should find SiOnyx's contributory infringement claims deficient because SiOnyx's allegations amount to nothing more than a cursory and conclusory recitation of the statutory elements for contributory infringement. Under 35 U.S.C. § 271(c), a party is liable for contributory infringement if he or she "offers to sell or sells within the United States or imports into the United States . . . a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." With respect to contributory infringement, the FAC merely parrots the statutory language, alleging with identical language for each of the three asserted patents that "Apple has indirectly infringed and continues to indirectly infringe the [asserted patents] in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United

States, or importing into the United States, the Accused Products with knowledge of the [asserted patents]" and that "[t]he Accused Products are not a staple article [sic] of commerce suitable for substantial non-infringing use." FAC at ¶¶ 18, 27, 36. These allegations cannot support a plausible claim for contributory infringement.

In *Select Retrieval,* for example, a court in this District dismissed a contributory infringement claim because the allegations merely recited the statutory elements and were "nothing more than legal conclusions with little or no factual support." 2012 U.S. Dist. LEXIS 171814, at *16. The court explained that:

> Select must do more than recite the statutory elements of an indirect infringement claim. Because the allegations fall woefully short of establishing a plausible claim for contributory infringement or infringement by inducement, as to these claims Bulb.com's motion to dismiss is allowed.

*Id.* Here, SiOnyx's FAC similarly fails to plead facts regarding "a component of the Accused Products" that Apple allegedly provided to a third party to contribute to direct infringement. FAC at ¶¶ 18, 27, 36. SiOnyx also does not plead facts to support <u>how</u> any "component of the Accused Products" is a "material part" of any purported claimed invention of the asserted patents; <u>how</u> Apple purportedly knew that a "component of the Accused Products" is "especially made or especially adapted for use" in the alleged infringement of the asserted patents; or <u>why</u> any such "component of the Accused Products" is not a staple article or commodity of commerce suitable for substantial noninfringing use. *Id.*; *see also Addiction & Detoxification Inst.,* 620 F. App'x. at 938 (affirming dismissal of contributory infringement claims because the complaint did not plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *Sunrise Techs., Inc. v. CIMCON Lighting, Inc.,* 219 F. Supp. 3d 260, 264 (D. Mass. 2016) (dismissing contributory infringement claim because "Plaintiff has not pled any facts that show that the accused products have no substantial non-infringing uses or that the

accused products are especially made or adapted for infringing uses"); *Trs. of Boston Univ.,* 2014

U.S. Dist. LEXIS 203815, at *14 (dismissing "conclusory" contributory infringement allegations).

Because SiOnyx does not plead that Apple had pre-suit knowledge of infringement of any

of the asserted patents and because SiOnyx's contributory infringement allegations merely parrot

the statutory language, the Court should dismiss SiOnyx's pre- and post-suit contributory

infringement claims.

## V.    CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court strike paragraphs 15,

24, and 33 of the FAC and dismiss SiOnyx's pre- and post-suit willful and indirect (induced and

contributory) infringement claims.


Dated: January 6, 2025                    Respectfully submitted,

                                          */s/ Michael Strapp*
                                          Michael Strapp (BBO #653884)
                                          Safraz Ishmael (BBO #657881)
                                          Claire E. Schuster (BBO #698400)
                                          **DLA Piper LLP (US)**
                                          33 Arch Street, 26th Floor
                                          Boston, MA 02110-1447
                                          Telephone: 617.406.6031
                                          Facsimile: 617.406.6100
                                          michael.strapp@us.dlapiper.com
                                          safraz.ishmael@us.dlapiper.com
                                          claire.schuster@us.dlapiper.com


                                          Erin Gibson (*pro hac vice*)
                                          **DLA Piper LLP (US)**
                                          500 Eighth Street, NW
                                          Washington, DC 20004
                                          Telephone: 202.799.4000
                                          Facsimile: 202.799.5000
                                          erin.gibson@us.dlapiper.com

Brian Erickson (*pro hac vice*)
**DLA Piper LLP (US)**
303 Colorado Street, Suite 3000
Austin, TX 78701-4653
Telephone: 512.457.7000
Facsimile: 512.457.7001
brian.erickson@us.dlapiper.com

Paulina Starostka (*pro hac vice*)
**DLA Piper LLP (US)**
444 West Lake Street, Suite 900
Chicago, IL 60606
Telephone: 312.368.4000
Facsimile: 312.251.5708
paulina.starostka@us.dlapiper.com

Mary Dahl (*pro hac vice*)
**DLA Piper LLP (US)**
3203 Hanover Street, Suite 100
Palo Alto, CA 94304
Telephone: 650.833.2000
Facsimile: 650.833.2001
mary.dahl@us.dlapiper.com

*Attorneys for Defendant Apple Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 6th day of January 2025, all counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via email. Any other counsel of record will be served by first class mail.

*/s/ Michael Strapp*
Michael Strapp