# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SIONYX, LLC, | | |
| *Plaintiff*, | | C.A. No. 1:24-cv-12354-JEK |
| v. | | |
| APPLE INC., | | **JURY TRIAL DEMANDED** |
| *Defendant*. | | |

## APPLE INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY PENDING *INTER PARTES* REVIEW

## **<u>TABLE OF CONTENTS</u>**

**Page**

I.    INTRODUCTION ........................................................................................... 1

II.   BACKGROUND .............................................................................................. 3

    A.   This Case Is In Its Earliest Stages. .......................................................... 3

    B.   Overview of IPR Proceedings .................................................................. 4

    C.   Apple Challenged The Validity Of All Asserted Patents and All Asserted Claims at the PTAB. ................................................................................. 5

III.  LEGAL STANDARD ..................................................................................... 6

IV.  ARGUMENT .................................................................................................. 7

    A.   Factor 1: The Early Stage Of This Litigation Favors A Stay. ................. 7

    B.   Factor 2: A Stay Will Eliminate or Simplify The Triable Issues In This Litigation. ................................................................................................ 9

    C.   Factor 3: A Stay Will Not Cause SiOnyx Any Undue Prejudice. ....................... 11

        1.   Apple Diligently Sought PTAB Review of All Asserted Claims. ........... 12

        2.   SiOnyx Can Still Recover Legal Remedies If The Stay Is Lifted. .......... 13

        3.   Apple and SiOnyx Are Not Competitors; The Lack Of A Competitive Relationship Supports A Stay. ............................................. 14

V.   CONCLUSION ............................................................................................. 15

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*ACQIS, LLC v. EMC Corp.*,
    109 F. Supp. 3d 352 (D. Mass. 2015) ............................................................. *passim*

*Am. Sci. & Eng., Inc. v. Viken Detection Corp.*,
    No. 20-11883-LTS, ECF No. 89 (D. Mass. Mar. 31, 2022) ....................................1, 8

*Aylus Networks, Inc. v. Apple Inc.*,
    856 F.3d 1353 (Fed. Cir. 2017) ...................................................................4

*In re Body Sci. LLC*,
    No. 12-10536-FDS, 2012 WL 5449667 (D. Mass. Nov. 2, 2012) ............................7

*Boston Heart Diag. Corp. v. Health Diag. Lab., Inc.*,
    No. 13-1311-FDS, 2014 WL 2048436 (D. Mass. May 16, 2014) ...........................6

*Cuozzo Speed Techs., LLC v. Lee*,
    579 U.S. 261 (2016) .................................................................................4

*DiversiTech Corp. v. RectorSeal, LLC*,
    No. 20-11896-NMG, 2021 WL 2953324 (D. Mass. Jul. 14, 2021) ................. *passim*

*Ethicon, Inc. v. Quigg*,
    849 F.2d 1422 (Fed. Cir. 1988) ...................................................................6

*Gratuity Sols., LLC v. Toast, Inc.*,
    No. 1:22-CV-11539-JEK, 2024 WL 1770816 (D. Mass. Apr. 24, 2024)...............14

*In re Intel Corp.*,
    No. 2021-168, 2021 WL 4427875 (Fed. Cir. Sept. 27, 2021) ................................4

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
    Nos. 18-452-WCB, 18-826-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019) .................7, 9

*Irwin Indus. Tool Co. v. Milwaukee Elec. Tool Corp.*,
    No. 3:15-cv-30005-MGM, 2016 WL 1735330 (D. Mass. Apr. 28, 2016) ...........8, 9

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936)..................................................................................6

*Marquis v. F.D.I.C.*,
    965 F.2d 1148 (1st Cir. 1992) .....................................................................6

*Neotech Prods. LLC v. Sandbox Med., LLC*,
No. 1:18-CV-12203-DJC, ECF No. 35, Text Order (D. Mass. Feb. 13, 2019) ........................1

*NST Global, LLC v. SIG Sauer Inc.*,
No. 19-CV-792-PB, 2020 WL 1429643 (D.N.H. Mar. 24, 2020) ..........................7, 10, 11, 13

*Ocean Semiconductor LLC v. Analog Devices, Inc.*,
No. 20-12310-PBS, ECF No. 37 (D. Mass. Sept. 20, 2021)................................................1, 11

*Omnitracs, LLC v. Platform Sci., Inc.*,
No. 20-cv-0958-JLS-MDD, 2021 WL 857005 (S.D. Cal. Mar. 8, 2021)...............................10

*SAS Institute, Inc. v. Iancu*,
584 U.S. 357 (2018)..............................................................................................................10

*Sherrywear, LLC v. Nike, Inc.*,
No. 23-11599-LTS, ECF No. 69 (D. Mass. Sept. 3, 2024).......................................................1

*TAS Energy, Inc., v. San Diego Gas & Elec. Co.*,
No. 12cv2777–GPC(BGS), 2014 WL 794215 (S.D. Cal. Feb. 26, 2014) ..............................11

*Teva Pharms. Int'l GmbH v. Eli Lilly and Co.*,
No. 18-cv-12029-ADB, 2019 WL 1767394 (D. Mass. Apr. 22, 2019) .......................... *passim*

*Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*,
Nos. 18-cv-06737-JST, 18-cv-06739-JST, 18-cv-06740-JST, 2019 WL
1905161 (N.D. Cal. Apr. 29, 2019) .................................................................................9, 12

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
759 F.3d 1307 (Fed. Cir. 2014)....................................................................................6, 8, 14

*Zond, LLC v. Advanced Micro Devices, Inc.*,
No. 1:13-cv-11577-LTS, ECF No. 82 (D. Mass. July 23, 2014)........................................1, 12

*Zond, LLC v. Intel Corp.*,
No. 1:13-cv-11570-RGS, ECF No. 120, Text Order (D. Mass. Apr. 18, 2014)......................1

**Statutes**

35 U.S.C. § 6(c) ...................................................................................................................4

35 U.S.C. § 311 ...................................................................................................................4

35 U.S.C. § 313 ...................................................................................................................4

35 U.S.C. § 314(b) .............................................................................................................4, 5

35 U.S.C. § 315(b) ..............................................................................................................12

35 U.S.C. § 315(e) ................................................................................................................4

35 U.S.C. § 315(e)(2) ........................................................................................................11

35 U.S.C. § 316(a)(11) ....................................................................................................4, 9

35 U.S.C. § 318 ................................................................................................................4

35 U.S.C. § 319 ................................................................................................................4

**Other Authorities**

37 C.F.R. § 42.107(b) ......................................................................................................4

77 Fed. Reg. 48680, 80 (Aug. 14, 2012)..........................................................................4

L.R. 16.6(d) ....................................................................................................................3

## TABLE OF EXHIBITS

| Ex. | Description |
|-----|-------------|
| A | Strapp Declaration in Support of Apple Inc.'s Motion to Stay Pending *Inter Partes* Review |
| B | *Sherrywear, LLC v. Nike, Inc.*, No. 23-11599-LTS, ECF No. 69 (D. Mass. Sept. 3, 2024) |
| C | *Am. Sci. & Eng., Inc. v. Viken Detection Corp.*, No. 20-11883-LTS, ECF No. 89 (D. Mass. Mar. 31, 2022) |
| D | *Ocean Semiconductor LLC v. Analog Devices, Inc.*, No. 20-12310-PBS, ECF No. 37 (D. Mass. Sept. 20, 2021) |
| E | *Neotech Prods. LLC v. Sandbox Med., LLC,* No. 1:18-CV-12203-DJC, ECF No. 35 (D. Mass. Feb. 13, 2019) |
| F | *Zond, LLC v. Intel Corp.,* No. 1:13-cv-11570-RGS, ECF No. 120 (D. Mass. Apr. 18, 2014) |
| G | *Zond, LLC v. Advanced Micro Devices, Inc.,* No. 1:13-cv-11577-LTS, ECF No. 82 (D. Mass. July 23, 2014) |
| H | '764 Patent Infringement Contentions |
| I | '359 Patent Infringement Contentions |
| J | '714 Patent Infringement Contentions |
| K | IPR2025-00689, Petition Challenging '714 Patent |
| L | IPR2025-00689, Notice of Accord of Filing Date |
| M | IPR2025-00811, Petition Challenging '764 Patent |
| N | IPR2025-00845, Petition Challenging '359 Patent |
| O | IPR2025-00161, Petition Challenging '714 Patent |
| P | IPR2025-00162, Petition Challenging '359 Patent |
| Q | IPR2025-00163, Petition Challenging '359 Patent |
| R | IPR2025-00164, Petition Challenging '764 Patent |

## I.    INTRODUCTION

Apple respectfully moves the Court to stay this case pending *inter partes* review ("IPR") of the three asserted patents by the Patent Trial and Appeal Board ("PTAB"). Each of the asserted patents is subject to an Apple IPR petition ("Apple IPRs"), and institution decisions for the Apple IPRs are expected in October or November 2025. A pre-institution stay is warranted pending resolution of the IPRs because each of the three traditional stay factors weighs heavily in favor of a stay. *See DiversiTech Corp. v. RectorSeal, LLC*, No. 20-11896-NMG, 2021 WL 2953324, at *3 (D. Mass. Jul. 14, 2021) (granting pre-institution stay); *see also* Ex. B, *Sherrywear, LLC v. Nike, Inc.*, No. 23-11599-LTS, ECF No. 69, at *4 (D. Mass. Sept. 3, 2024) (granting pre-institution stay); Ex. C, *Am. Sci. & Eng., Inc. v. Viken Detection Corp.*, No. 20-11883-LTS, ECF No. 89, at *4-5 (D. Mass. Mar. 31, 2022) (granting pre-institution stay); Ex. D, *Ocean Semiconductor LLC v. Analog Devices, Inc*., No. 20-12310-PBS, ECF No. 37, at *1 (D. Mass. Sept. 20, 2021) (granting pre-institution stay); Ex. E, *Neotech Prods. LLC v. Sandbox Med., LLC,* No. 1:18-CV-12203-DJC, ECF No. 35, Text Order (D. Mass. Feb. 13, 2019) (granting pre-institution stay); Ex. F, *Zond, LLC v. Intel Corp.,* No. 1:13-cv-11570-RGS, ECF No. 120, Text Order (D. Mass. Apr. 18, 2014) (granting pre-institution stay); Ex. G, *Zond, LLC v. Advanced Micro Devices, Inc.,* No. 1:13-cv-11577-LTS, ECF No. 82, at *1-*2 (D. Mass. July 23, 2014) (same).

*First*, this case is in its infancy. Fact discovery has barely commenced, and the parties have only just begun the process of exchanging the preliminary patent disclosures required by the local rules. Courts in this District routinely grant motions to stay pending IPR when, as here, the motions are filed before substantive litigation activities are well underway.

*Second*, a stay will likely simplify or resolve the case entirely given that all claims of the asserted patents have been challenged in the IPRs. As currently constituted, this is a complex

patent infringement suit involving three asserted patents comprising 126 total claims. SiOnyx alleges that Apple products infringe 95 different patent claims and has specifically identified an image sensor designed and manufactured by a foreign third party as purportedly meeting the limitations of the asserted claims. This case will require the parties, a foreign third party, and the Court to expend significant resources to litigate. Such expenditure of resources, however, may be entirely unnecessary. If the PTAB institutes the Apple IPRs and finds the asserted claims unpatentable, there will be nothing left for the parties or this Court to do and there will be no case or controversy. Even if some asserted claims survive, the IPRs will still simplify this case because the Court will benefit from the reasoning behind the PTAB's interpretation of the asserted claims and the scope of patent claims at issue in this litigation—and therefore discovery, claim construction, and other case issues—will be narrowed.

*Third*, Apple has moved expeditiously to seek a stay. Furthermore, SiOnyx only seeks monetary relief and is not a direct competitor of Apple. ECF No. 22 at 10 ("Prayer for Relief"). SiOnyx will not be prejudiced by a stay pending resolution of the IPRs.

This Court should follow other courts in this District and grant this motion to stay pending IPR. If the Court does not issue a stay, the parties and the Court will need to expend considerable resources to brief claim construction and exchange information in connection with the fact discovery process that has only just begun. These efforts will be wasted if some or all of the asserted claims are invalidated in the IPRs. On the other hand, if the IPRs are not instituted, the stay will be short and will therefore cause relatively little delay to this case and will not prejudice SiOnyx.

## II.    BACKGROUND

### A.    This Case Is In Its Earliest Stages.

SiOnyx filed its Complaint on September 12, 2024, and accused Apple of infringing U.S. Patent Nos. 9,064,764 ("the '764 patent"), 10,224,359 ("the '359 patent), and 11,721,714 ("the '714 patent"). ECF No. 1. Apple filed a motion to dismiss the Complaint. ECF No. 13. In response, SiOnyx filed its First Amended Complaint ("FAC") on December 9, 2024. ECF No. 22. Apple moved to strike and to dismiss the FAC; Apple's motion is fully briefed. ECF Nos. 30, 31, 36, 43, 47. A hearing on Apple's motion is scheduled for June 11, 2025. ECF No. 63.

The Court held a scheduling conference on February 28, 2025 and set a schedule through dispositive motion briefing but did not set a summary judgment hearing or trial date. ECF No. 53. Fact discovery has only just begun, and it does not close until over a year from now in May 2026. Initial disclosures were exchanged in March 2025, and the parties have just begun exchanging the information required to comply with the Patent-Related Disclosures under L.R. 16.6(d). SiOnyx served its preliminary infringement contentions on March 24, 2025, and Apple's preliminary invalidity contentions are not due until May 6, 2025. Ex. A (Strapp Dec. at ¶¶ 4, 5); ECF Nos. 59, 60.

In its infringement contentions, SiOnyx alleges that Apple infringes claims 8-11, 14-21, and 23-25 of the '764 patent (Ex. H ('764 Patent Infringement Contentions)), claims 1-8, 10-16, 18-25, 27, 38-75, and 80-83 of the '359 patent (Ex. I ('359 Patent Infringement Contentions)), and claims 1-4 and 9-18 of the '714 patent (Ex. J ('714 Patent Infringement Contentions)).

The parties have served initial sets of interrogatories and requests for production and provided responses and objections to those sets of written discovery requests, and SiOnyx served a set of requests for admission, (Ex. A (Strapp Dec. at ¶¶ 6, 7)), but no other discovery has yet occurred. The lion's share of discovery and litigation lies ahead. Indeed, fact discovery is not set

3

to close for more than 13 months on May 28, 2026, and the deadline for dispositive motion briefing will be, at the earliest, September 25, 2026. ECF No. 52 (adopting ECF No. 51).

### B.    Overview of IPR Proceedings

IPRs were established in 2012 by Congress to create "a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." 77 Fed. Reg. 48680, 80 (Aug. 14, 2012). IPRs promote efficiency by enabling the PTAB to "resolve concrete patent-related disputes among parties" and "to reexamine an earlier agency decision" through "a second look at an earlier administrative grant of a patent." *Cuozzo Speed Techs., LLC v. Lee*, 579 U.S. 261, 279-80 (2016) (internal citation omitted). The IPR process "was designed to give the agency an opportunity to correct its mistakes, to give courts the benefit of the agency's consideration of the effect of prior art on patents being asserted in litigation, and to reduce the burden of litigation on the parties and the courts." *In re Intel Corp.*, No. 2021-168, 2021 WL 4427875, at *2 (Fed. Cir. Sept. 27, 2021).

A party initiates an IPR by filing a petition at the PTAB. 35 U.S.C. § 311. The patent owner has three months to file a response. *Id.*, § 313; 37 C.F.R. § 42.107(b). The PTAB has up to three months from when the response is due to determine whether to institute the IPR. 35 U.S.C. § 314(b). Once instituted, the IPR proceeding is conducted before a panel of three Administrative Patent Judges of the PTAB. *Id.*, § 6(c). By statute, "the final determination in an [IPR shall] be issued not later than 1 year after the date on which the [PTAB] notices the institution of a review." *Id.*, § 316(a)(11). Even if a party appeals, estoppel is triggered as soon as the PTAB issues its decision. *Id.*, §§ 315(e), 318, & 319. Regardless of the outcome of the IPRs, the PTAB's rationale may be useful to district courts; for example, a patentee that disavows claim scope during IPR to overcome prior art will be bound by such disclaimer in district court. *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1359-62 (Fed. Cir. 2017).

C.    **Apple Challenged The Validity Of All Asserted Patents and All Asserted Claims at the PTAB.**

Apple, together with Sony Group Corporation ("Sony"), filed an IPR petition challenging every claim of the '714 patent on March 11, 2025. Ex. K, IPR2025-00689, Petition at 1. The PTAB accorded this petition a filing date of April 15, 2025. Ex. L, IPR2025-00689, Notice of Accord. Therefore, SiOnyx must respond by July 15, 2025, and the PTAB will issue its institution decision no later than October 15, 2025. *Id.*; 35 U.S.C. § 314(b). Shortly thereafter, Apple and Sony filed IPR petitions challenging every claim of the '764 and '359 patents on April 16, 2025. Ex. M, IPR2025-00811, Petition at 1; Ex. N, IPR2025-00845, Petition at 7 (collectively, the "Apple IPRs"). The PTAB is expected to accord the petitions a filing date in mid- to late May. SiOnyx will need to respond to these two petitions in mid- to late August, and the PTAB will issue its institution decision in mid- to late November. *Id.*; 35 U.S.C. § 314(b).[1]

The table below provides additional detail regarding the Apple IPRs:

| Patent Challenged | Claims Challenged in IPR | Claims Asserted Against Apple | IPR Number | Institution Decision Expected |
|---|---|---|---|---|
| 9,064,764 | 1-25 | 8-11, 14-21, 23-25 | IPR2025-00811 | Approximately November 2025 |
| 10,224,359 | 1-83 | 1-8, 10-16, 18-25, 27, 38-75, 80-83 | IPR2025-00845 | Approximately November 2025 |
| 11,721,714 | 1-18 | 1-4, 9-18 | IPR2025-00689 | October 15, 2025 |

The PTAB will likely reach decisions on institution of all pending IPRs in the month leading up to the Markman hearing in this litigation, which is scheduled for November 19, 2025.

---

[1] Before it sued Apple, SiOnyx sued Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., and Samsung Electronics America, Inc. (collectively, "Samsung") for infringement of the same patents asserted against Apple (and others). Samsung timely filed IPRs on November 22, 2024 and November 29, 2024 challenging the validity of all claims SiOnyx now asserts against Apple in this litigation. Ex. A (Strapp Dec. at ¶¶ 8-11); *see also* Ex. O, IPR2025-00161, Petition at 2-3; Ex. P, IPR2025-00162, Petition at 3; Ex. Q, IPR2025-00163, Petition at 3; Ex. R, IPR2025-00164, Petition at 2-3 (collectively, the "Samsung IPRs").

ECF No. 53. The PTAB's institution decision on the Samsung IPRs challenging the '714 and

'359 patents will arrive even before the parties exchange Markman briefs on July 18, 2025, and

the institution decision on Samsung's challenge to the '764 patent will come just a few days

thereafter. Ex. A (Strapp Dec. at ¶¶ 12-15). The PTAB will likely reach decisions on institution

of the Apple IPRs in October or November.

## III.    LEGAL STANDARD

This Court has the inherent power to manage its docket by staying proceedings, including

by entering stays pending resolution of IPRs. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55

(1936); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988); *see also Marquis v.

F.D.I.C.,* 965 F.2d 1148, 1154 (1st Cir. 1992). Stays pending IPRs make sense from the

perspective of prudent case management and judicial efficiency because post-grant review

proceedings, such as IPRs, are the intended forum for resolution of patent validity disputes and

can simplify issues presented in patent litigations. As another court in this District explained,

"[t]here is a liberal policy in favor of granting motions to stay . . . especially in cases that are still

in the initial stages of litigation and where there has been little or no discovery." *Boston Heart

Diag. Corp. v. Health Diag. Lab., Inc.*, No. 13-1311-FDS, 2014 WL 2048436, at *2 (D. Mass.

May 16, 2014) (internal quotations and citation omitted). District courts may grant a stay at any

time after a party files an IPR petition—including prior to institution. *VirtualAgility Inc. v.

Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014) ("[A] stay could be granted even

before the PTAB rules on a post-grant review petition [...]."); *see also DiversiTech*, 2021 WL

2953324, at *3 (granting pre-institution stay).

The decision to grant a stay is discretionary. *ACQIS, LLC v. EMC Corp.*, 109 F. Supp. 3d

352, 356 (D. Mass. 2015). Courts in this District consider three factors to determine whether a

stay is appropriate:

(1)     the stage of the litigation, including whether discovery is complete and a trial date has been set;

(2)     whether a stay will simplify the issues in question and the trial of the case; and

(3)     whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party.

*Id.* Courts consider the totality of the circumstances, and "the inquiry is largely case specific." *Id.*

With respect to the simplification factor, "Congress's purpose in creating an inter partes review procedure" was "designed in large measure to simplify proceedings before the courts and to give the courts the benefit of the expert agency's full and focused consideration of the effect of prior art on patents being asserted in litigation." *IOENGINE, LLC v. PayPal Holdings, Inc.*, Nos. 18-452-WCB, 18-826-WCB, 2019 WL 3943058, at *8 (D. Del. Aug. 21, 2019). To that same end, courts have recognized myriad ways in which IPRs can simplify a case, including: (1) prior art will be considered by the Patent Office with its particular expertise; (2) discovery issues relating to the prior art can be alleviated; (3) if the patent is invalidated, the suit will likely be dismissed; (4) the outcome may encourage a settlement without the further use of the Court; (5) the record may be entered at trial, thereby reducing the complexity and length of the litigation; (6) issues, defenses, and evidence will be effectively limited in later pre-trial conferences; and (7) the cost of litigation will likely be reduced. *NST Global, LLC v. SIG Sauer Inc.*, No. 19-CV-792-PB, 2020 WL 1429643, at *3 (D.N.H. Mar. 24, 2020) (quoting *In re Body Sci. LLC*, No. 12-10536-FDS, 2012 WL 5449667, at *3 (D. Mass. Nov. 2, 2012).

## IV.    ARGUMENT

### A.    Factor 1: The Early Stage Of This Litigation Favors A Stay.

The District of Massachusetts has found "this factor weighs strongly in favor of granting a stay" when "discovery has just begun, no Markman hearing has been held, no claim

construction pleadings have been filed or considered by the court, and no trial date has been set."

*Irwin Indus. Tool Co. v. Milwaukee Elec. Tool Corp.*, No. 3:15-cv-30005-MGM, 2016 WL

1735330, at *3 (D. Mass. Apr. 28, 2016); *see also DiversiTech* , 2021 WL 2953324, at *2. "The

date of the filing of the motion to stay" is "the proper time to measure the stage of litigation." *See*

*VirtualAgility*, 759 F.3d at 1317 (collecting cases). As a general rule, "the earlier the stage of

proceedings, the greater the reason to grant a stay." *Teva Pharms. Int'l GmbH v. Eli Lilly and*

*Co.*, No. 18-cv-12029-ADB, 2019 WL 1767394, at *6 (D. Mass. Apr. 22, 2019).

Here, fact discovery has just begun and will not conclude for more than a year. The

parties exchanged initial disclosures in early March, and each party only recently responded to

initial sets of interrogatories and requests for production. Ex. A (Strapp Dec. at ¶¶ 6, 7). SiOnyx

served its initial infringement contentions on March 24, 2025, and has produced just 51

documents. Ex. A (Strapp Dec. at ¶¶ 4, 16). No depositions have been scheduled. Ex. A (Strapp

Dec. at ¶ 17).

Courts in this District frequently grant motions to stay at similar or even more advanced

stages of the litigation. *See, e.g.*, Ex. C, *Am. Sci. & Eng.*, ECF No. 89, at *4-5 (granting pre-

institution stay where claim construction briefing has not been scheduled, depositions have not

been taken, and document production had just begun); *ACQIS,* 109 F. Supp. 3d at 356–57

(granting stay even where "1.5 million pages of documents have been produced," "substantial

document and written discovery has already occurred, and a claim construction opinion has been

issued," but "a significant amount of work," including depositions, expert discovery, and

summary judgment briefing "still remains to be done by the parties and this Court").

SiOnyx acknowledged just a few weeks ago that "discovery in this case is in its infancy."

ECF No. 59. Indeed, claim construction exchanges, including identification of proposed terms

and exchange of proposed constructions, extrinsic evidence discovery, and briefing have not

even begun. ECF No. 52 (adopting ECF No. 51). This case is "[b]y patent litigation standards,

[…] at a very early stage," such that a stay is appropriate. *Irwin Indus.*, 2016 WL 1735330, at *3;

*see also DiversiTech*, 2021 WL 2953324, at *2 (granting pre-institution stay despite completion

of claim construction briefing, where claim construction hearing had not occurred and six

months remained in fact discovery); *Teva,* 2019 WL 1767394, at *6 (granting post-institution

stay where discovery had not begun and "the lion's share" of the litigation remained, including

the Markman hearing, summary judgment motions, and no trial was scheduled).

Trial in this case is not yet scheduled, and the current schedule only goes through opening

summary judgment briefs in September 2026. ECF No. 53. If any of the Samsung or Apple IPRs

are instituted, the PTAB must issue a final written decision between June 2026 and November

2026 as required by statute, well before any possible trial date in this case. *See* 35 U.S.C.

§ 316(a)(11).

In sum, because, as SiOnyx has acknowledged, "this case is in its infancy," the first

factor weighs heavily in favor of a stay. ECF No. 59.

## B. Factor 2: A Stay Will Eliminate or Simplify The Triable Issues In This Litigation.

Courts consider whether a stay is likely to simplify the issues at trial as the "most

important factor." *IOENGINE*, 2019 WL 3943058, at *8. Here, a stay is particularly appropriate

because if Apple or Samsung prevail in their IPRs, those IPRs may invalidate all claims asserted

against Apple and eliminate this suit altogether. *ACQIS*, 109 F. Supp. 3d at 357.

Indeed, the potential impact for simplification or resolution of issues to be presented at

trial is strongest when, as here, the IPR petitions challenge all the asserted claims. *See*

*DiversiTech*, 2021 WL 2953324, at *3 (*citing Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*, Nos. 18-

cv-06737-JST, 18-cv-06739-JST, 18-cv-06740-JST, 2019 WL 1905161, at *4 (N.D. Cal. Apr. 29, 2019) ("[T]he requested stay presents the maximum potential for simplification of issues, as all the asserted claims are challenged in the IPR petitions. This high upside mitigates to some extent the risk that the [US]PTO will deny review.")). Simplification of the issues "is less speculative" when all asserted claims are challenged because it becomes increasingly "likely that the PTAB's review would streamline the issues before the court" by addressing every contested claim. *Omnitracs, LLC v. Platform Sci., Inc.,* No. 20-cv-0958-JLS-MDD, 2021 WL 857005, at *7–8 (S.D. Cal. Mar. 8, 2021). After all, the PTAB is statutorily *required* to address every contested claim if it grants review of an IPR petition. *SAS Institute, Inc. v. Iancu,* 584 U.S. 357 (2018).

The case schedule also warrants a finding that the case simplification factor weighs in favor of a stay. The PTAB will issue institution decisions in three of Samsung's IPRs before the parties exchange opening *Markman* briefs, and will issue an institution decision in the fourth Samsung IPR just days after opening *Markman* briefs.[2] Further, the PTAB will issue institution decisions on the Apple IPRs either shortly before or immediately after the *Markman* hearing— and most likely well before the Court issues a claim construction ruling. *See* Section II.C. Denying the stay means the parties will need to complete claim construction briefing and the Court will need to hold a *Markman* hearing, even though those efforts may be wasted and need to be redone if the PTAB institutes the IPRs. *See NST Global,* 2020 WL 1429643, at *4 (granting a pre-institution stay where claim construction discovery had barely begun and the Court's "efforts would be wasted if the [US]PTO then granted review and invalidated some of or all the

---

[2] Even if any of the Samsung IPRs are not instituted, the Apple IPRs alone warrant a stay as Apple has challenged all claims of all asserted patents in the Apple IPRs. Alternatively, the same is true if Samsung's IPRs are instituted and Apple's IPRs are not instituted.

claims at issue."). Just as in *NST Global*, a pre-institution stay here will mean that the parties and

Court will avoid incurring the substantial expense and time associated with the claim

construction process, a process that may be rendered entirely moot if the IPRs are instituted and

some or all of the asserted claims are invalidated. *Id.* ("[t]he potential impact of the [US]PTO's

decision is enough to await at least the [USPTO's] initial institution decision[] before moving

forward.")

A stay here will simplify the issues if any of the Apple *or* the Samsung IPRs are

instituted "regardless of which party prevails." *NST Global*, 2020 WL 1429643, at *3; *see* Ex. D,

*Ocean Semiconductor*, ECF No. 37, at *1 (granting pre-institution stay in view of IPRs

challenging all asserted patents filed by defendants in different lawsuits not involving the party

seeking the stay). If either the Apple or Samsung IPRs invalidate any asserted claim, those

invalidated claims will no longer be before this Court. And even if no claims are invalidated, any

instituted IPR will simplify issues in this litigation because the IPR record is relevant to the

Court in its claim interpretation process and because Apple will be estopped from presenting to

the Court "any ground that [it] raised or reasonably could have raised during [the IPRs]." *Id.*; 35

U.S.C. § 315(e)(2).

A stay in this case pending IPRs could drastically simplify and potentially entirely

resolve all issues in the litigation. For this reason, the second factor weighs heavily in favor of a

stay here.

### C.    Factor 3: A Stay Will Not Cause SiOnyx Any Undue Prejudice.

The third factor weighs "whether a stay will unduly prejudice or present a clear tactical

disadvantage to the nonmoving party." *Teva*, 2019 WL 1767394, at *7. Since delay is inherent

with a stay, courts do not consider delay itself to be unduly prejudicial. *Id.* Indeed, "if IPR is not

instituted, 'the stay will be short.'" *NST Global,* 2020 WL 1429643, at *4 (quoting *TAS Energy,*

*Inc., v. San Diego Gas & Elec. Co.,* No. 12cv2777–GPC(BGS), 2014 WL 794215, at *6 (S.D. Cal. Feb. 26, 2014)); Ex. G, *Zond, LLC v. Advanced Micro Devices, Inc.,* ECF No. 82, at *1-*2 (granting pre-institution stay). The short timeframe for a pre-institution stay alleviates any concern about the stay being premature because a stay of a few months "until the [US]PTO makes its decisions [on the IPR petitions] will cause relatively little delay to this case or prejudice to the parties." *Uniloc,* 2019 WL 1905161, at *7.

Evidence of undue prejudice instead comes from "a dilatory motive on the part of the party seeking a stay, unavailability of legal remedies once the stay is lifted, or the parties' relationship as direct competitors in the marketplace." *Teva*, 2019 WL 1767394 at *7. Because Apple expeditiously filed IPRs, legal remedies will be available to SiOnyx once the stay is lifted, and the parties are not direct competitors, a stay will not unduly prejudice or disadvantage SiOnyx and the third factor therefore also weighs in favor of a stay.

### 1.    Apple Diligently Sought PTAB Review of All Asserted Claims.

Apple was diligent in filing its IPRs on all claims of the asserted patents and is not seeking an unfair tactical advantage. Although under the statute Apple had one year after SiOnyx filed its complaint to file its IPR petitions (35 U.S.C. § 315(b)), Apple filed its first IPR petition just four months after SiOnyx filed its FAC, and six months after SiOnyx filed its original Complaint. Ex. A (Strapp Dec. at ¶ 18). Apple's next two IPR petitions followed within a month. Ex. A (Strapp Dec. at ¶¶ 19, 20). Each of Apple's IPR petitions were thus filed well within the one-year statutory period. 35 U.S.C. § 315(b). Apple also filed its petitions well before the service deadline for preliminary invalidity contentions on May 6, 2025 and well in advance of the commencement of the claim construction process on May 23, 2025. ECF No. 52 (adopting ECF No. 51).

## 2. SiOnyx Can Still Recover Legal Remedies If The Stay Is Lifted.

A stay is appropriate when "[t]here is no indication that the imposition of a stay at this time will cause [a patentee] to lose any presently available legal remedies." *Teva*, 2019 WL 1767394, at *8. Here, SiOnyx seeks only monetary damages, damages which will be available even if the case is stayed pending completion of the IPR process. ECF No. 22 at 10-11 ("Prayer for Relief") (seeking only monetary relief); *ACQIS*, 109 F. Supp. 3d at 358 (granting stay where plaintiff "has not identified any reason why money damages would not suffice to compensate it for any harm incurred during the stay"); *Teva*, 2019 WL 1767394, at *8 ("[A]ny delay to a party's recovery of monetary damages is not meaningful where the prevailing party in patent cases may recover prejudgment interest.") (quotation omitted).

Consistent with its focus on monetary damages, SiOnyx has not sought a preliminary injunction, which "undermin[es] its claim of undue prejudice." *ACQIS,* 109 F. Supp. 3d at 358. Although not alone dispositive of the third stay factor, courts routinely find a patentee's failure to seek injunctive relief to be compelling evidence that a stay will not cause the patentee to suffer undue prejudice. *E.g.*, *Teva*, 2019 WL 1767394, at *8 ("Teva has not sought a preliminary injunction. There is no indication that the imposition of a stay at this time will cause Teva to lose any presently available legal remedies, such as money damages or the opportunity to obtain a declaratory judgment."); *NST Global*, 2020 WL 1429643, at *5 ("I note that [patentee] did not request a preliminary injunction in this case. While failure to seek a preliminary injunction is not, in and of itself, reason to completely disregard concerns about prejudice, it is evidence of how serious [patentee] takes those concerns.").

13

### 3. Apple and SiOnyx Are Not Competitors; The Lack Of A Competitive Relationship Supports A Stay.

To date, SiOnyx has not even alleged, let alone presented any evidence, that SiOnyx and Apple are competitors. Even viewing the evidence most favorably to SiOnyx, the mere fact that SiOnyx and Apple both sell products that incorporate image sensors does not prove they are direct competitors. *See Gratuity Sols., LLC v. Toast, Inc.*, No. 1:22-CV-11539-JEK, 2024 WL 1770816, at *5 (D. Mass. Apr. 24, 2024) (finding alleged competitive relationship not supported where patentee failed to show "its losses could not be addressed by money damages were it to ultimately succeed on its infringement […] claims, especially given that it would still be entitled to recover prejudgment interest as the prevailing party on the infringement claim."). While "competition between parties can weigh in favor of finding undue prejudice," there must at least be circumstantial evidence that the two parties are competitors. *VirtualAgility*, 759 F.3d at 1318. No evidence of record meets this requirement.

And even if Apple and SiOnyx were considered direct competitors—they are not—"the conclusion….. does not end the inquiry." *Teva*, 2019 WL 1767394, at *8. There must be evidence of actual prejudice, and other considerations may mitigate. *ACQIS,* 109 F. Supp. 3d at 358. For example, the "presence of other firms in the market decreases the likelihood of prejudice" to SiOnyx. *Teva,* 2019 WL 1767394, at *8. Here, there is no evidence of any actual prejudice SiOnyx would suffer if a stay were entered.

In sum, because (i) Apple diligently filed IPRs challenging all claims of the asserted patents, (ii) SiOnyx is only seeking monetary relief, and (iii) Apple and SiOnyx are not competitors, the third factor also weighs heavily in favor of a stay.

## V.    CONCLUSION

For all the reasons set forth herein, each of the factors courts in this District consider to determine whether a stay is appropriate supports a pre-institution stay of this case in its entirety pending IPR of the asserted patents.

Dated: April 23, 2025

Respectfully submitted,

*/s/ Michael Strapp*
Michael Strapp (BBO #653884)
Safraz Ishmael (BBO #657881)
Claire E. Schuster (BBO #698400)
**DLA Piper LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Telephone: 617.406.6031
Facsimile: 617.406.6100
michael.strapp@us.dlapiper.com
safraz.ishmael@us.dlapiper.com
claire.schuster@us.dlapiper.com

Erin Gibson (*pro hac vice*)
**DLA Piper LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
Telephone: 202.799.4000
Facsimile: 202.799.5000
erin.gibson@us.dlapiper.com

Brian Erickson (*pro hac vice*)
**DLA Piper LLP (US)**
303 Colorado Street, Suite 3000
Austin, TX 78701-4653
Telephone: 512.457.7000
Facsimile: 512.457.7001
brian.erickson@us.dlapiper.com

Paulina Starostka (*pro hac vice*)
**DLA Piper LLP (US)**
444 West Lake Street, Suite 900
Chicago, IL 60606
Telephone: 312.368.4000
Facsimile: 312.251.5708
paulina.starostka@us.dlapiper.com

Mary Dahl (*pro hac vice*)
**DLA Piper LLP (US)**
3203 Hanover Street, Suite 100
Palo Alto, CA 94304
Telephone: 650.833.2000
Facsimile: 650.833.2001
mary.dahl@us.dlapiper.com

*Attorneys for Defendant Apple Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non-registered participants on April 23, 2025.

*/s/ Michael Strapp*
Michael Strapp